WEBER, Respondent, v. SMITH, Appellant

(12 N. W. 2d 317.)

(File No. 8645. Opinion filed December 16, 1943.)

Rehearing Denied March 6. 1944.

**Boyce, Warren & Fairbank, John S. Murphy,** and **Louis H. Smith,** all of Sioux Falls, for Appellant.

**Jones, Matthews & Fitzpatrick,** of Sioux Falls, for Respondent.

SMITH, J. This is an appeal by the ousted tenant from a judgment in forcible entry and detainer. The controversy deals with an apartment of a building located in Sioux Falls. The central question presented by the assignments is whether a written notice, presently to be quoted, served by the plaintiff-landlord upon the defendant-tenant on December 26, 1942 fails to support the judgment of ouster because the plaintiff failed to comply with the provisions of Maximum Rent Regulation 53 (Document No. 6084), issued on October 22, 1942, by the administrator of the Office of Price Administration.

The pertinent provisions of the regulation, the validity and paramount force of which are not questioned, are as follows:

"§ 1388.286 Restrictions on removal of tenant. (a) So

long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless:"

"(5) The landlord seeks in good faith to recover possession for the immediate purpose of demolishing the housing accommodations or of substantially altering or remodeling it in a manner which cannot practicably be done with the tenant in occupancy and the plans for such alteration or remodeling have been approved by the proper authorities, if such approval is required by local law;"

"(d)(1) Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. A written copy of such notice shall be given to the Area Rent Office within 24 hours after the notice is given to the tenant.

"No tenant shall be removed or evicted from housing accommodations, by court process or otherwise, unless, at least ten days prior to the time specified for surrender of possession and to the commencement of any action for removal or eviction, the landlord has given written notices of the proposed removal or eviction to the tenant and to the Area Rent Office, stating the ground under this section upon which such removal or eviction is sought and specifying the time when the tenant is required to surrender possession.

"(2) At the time of commencing any action to remove or evict a tenant, including an action based upon non-payment of rent, the landlord shall give written notice thereof

to the Area Rent Office stating the title of the case, the number of the case where that is possible, the court in which it is filed, the name and address of the tenant, and the ground under this section on which removal or eviction is sought."

On December 26, 1942, the plaintiff served a notice in writing on defendant in words as follows: "This is notice to vacate your apartment on or before February 1, 1943 due to our remodeling of same. We will start remodeling in Apt. 2 as soon as it is vacated. Your truly, R. H. Weber". This notice was not served on the Area Rent Office of the Sioux Falls Defense-Rental Area until January 9, 1943. On February 2, 1943, plaintiff served upon defendant and upon the Area Rent Office a notice requiring defendant to quit and vacate the premises on or before February 13, 1943. On February 16, 1943, plaintiff served on defendant a summons and complaint in this action, and on that date served notice on the Area Rent Office of the commencement of the action. Among other matters, the answer of the defendant alleged that the original notice of December 26, 1942, did not conform to the requirements of § 1388.286 of the Maximum Rent Regulation, in that (a) it did not set forth the grounds of removal in sufficient detail and (b) it was not served on the Area Rent Office within twenty-four hours. The cause was tried to the court without a jury and resulted in a judgment for plaintiff ousting the defendant from the premises.

Although there is a difference of opinion between the parties as to the nature of the defendant's tenure at the time of the service of the challenged notice—the plaintiff asserting that defendant held the property under a tenancy from month to month, and defendant insisting that he was a tenant at will—it was mutually conceded at bar that, whether the tenure was of the one character or the other, it was subject to termination on February 1, 1943, under the state law by a proper notice served on December 26, 1942. See SDC 38.0416 and 51.0502. It was further conceded that the subsequent notice to quit served on February 2,

1943, was in compliance with the federal regulation and the state law both as to content and manner of service. Notwithstanding these concessions, the defendant stoutly contends that the notice of December 26, 1942, was a "notice to a tenant to vacate or surrender possession of housing accommodations", see § 1388.286(d)(1) supra, and was ineffective for the reasons alleged in his answer to which we have adverted.

 It can, we think, be conceded, although we need not decide the point, that the challenged notice, viewed in one of its aspects, was a notice to vacate, and that the tenant was not required to respond to its command because it was not in compliance with the Rent Regulation as to content or manner of service. This is not to say, however, that the notice was wholly ineffective for any purpose. The Regulation does not in terms declare such an instrument to be without validity. It does not necessarily follow that because, for the suggested reasons, the tenant may safely ignore the command to vacate, the notice did not operate to alter his contractual relations with the landlord. After a careful study of the Maximum Rent Regulation as a whole, we have concluded that it does not purport to either extend, or forbid the termination of the contractual relations existing between landlords and tenants. It ignores such relations and forbids the removal of tenants, excepting in described circumstances, notwithstanding the fact that the so-called tenant may be without a contractual right to possess and occupy the premises. It provides that "* * * no tenant shall be removed * * * notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, * * *" § 1388.286(a) supra. If we are correct in so concluding, it logically follows that the right of a landlord to terminate a lease remains unaffected by Rent Regulation, and that reference must be had to the state law to determine whether he has accomplished his purpose. The mutual concession made at bar by counsel that the notice, considered both in point of form and content and of the time of its service, was suffi-

cient under the state law to accomplish a termination of the tenancy on February 1, 1943, whether defendant held at will, or from month to month, accords with our interpretation of the requirements of SDC 38.0416 and 51.0502. See James Valley Bank v. Richards, 52 S. D. 597, 219 N. W. 560, and Banbury v. Sherin, 4 S. D. 88, 55 N. W. 723. Thus it appears that on and after February 1, 1943, defendant was holding over without right under the state law and was subject to eviction under that law. It also appears that the removal of defendant as a tenant was not proscribed by the Rent Regulation for the reason that the landlord sought in good faith to recover possession for the purpose of remodeling the property according to plans which had theretofore been approved by proper local authorities. The proceedings subsequent to that date being in accordance with the Regulation and with the state law, the legal conclusions of the trial court were not only warranted but were impelled.

■■ A further point requires consideration. On the trial plaintiff testified that defendant mailed him a check for the February rent in the sum of $37.50; that he refused to accept it and returned it to defendant; and that thereafter the defendant deposited that amount to his credit in a Sioux Falls bank. The trial court gave judgment for plaintiff for damages in the sum of $75 based upon the rental value of the premises during the period the defendant held over. Under sufficient assignments defendant contends that the above described tender constituted payment of the February rent and that the judgment is therefore excessive. The contention is untenable. Concededly a tender made in strict accordance with the statute, SDC 47.0209, extinguishes an existing obligation. In such an instance the law views the sum so rightfully deposited as having been received by the obligee. Under the instance circumstances, the law does not transmute the described deposit into a payment to the plaintiff for the reason that the obligation for February rent, which it purported to discharge, was nonexistent. The evidence reveals that plaintiff never in fact accepted the de-

posit. Therefore, this evidence does not show that plaintiff had received any sum in mitigation of his damages.

Finding no error in the proceedings below, the judgment is affirmed.

POLLEY, WARREN, and RUDOLPH, JJ., concur.
ROBERTS, P.J., absent.