KINCAID, J.
 

 This appeal is from a judgment in unlawful detainer ordering the possession of the residential premises involved to be restored to the plaintiff owners by the defendant tenants. Plaintiffs purchased and became the owners of the property on April 26, 1943. At the time of such acquisition, defendants were in possession thereof on a month-to-month tenancy, at $67 per month, payable in advance, on the 25th day of each month.
 

 Plaintiffs applied for, and on June 25, 1943, there was issued to them, by the Office of Price Administration, a certificate relating to eviction, granted under section 6(b)(2) of the Rent Regulation for Housing (8 Fed. Register 7322, issued pursuant to the Emergency Price Control Act of 1942, Pub. L. No. 421, 77th Cong., 2d Sess., ch. 26, 56 Stat. 29). On August 24, 1943, plaintiffs caused to be served on defendants a written notice advising them of the issuance of such certificate and terminating said month-to-month tenancy on September 25, 1943. More than three months elapsed following the issuance of said certificate, and more than one
 
 *Supp. 848
 
 month elapsed since the service of the notice terminating the tenancy, but defendants continued in possession notwithstanding.
 

 The defendants complain of the refusal of the trial court to receive evidence by way of defense concerning the questions: (1) as to whether or not the plaintiff purchasers seek in good faith to recover possession of the premises for their immediate use and occupancy as a dwelling; and (2) the defendants’ circumstances as to the size and status of their family, and their inability to find a place to which" to move. The court properly sustained the objections of plaintiffs to such evidence as being irrelevant to the issues presented by these proceedings.
 

 The said rent regulation in providing for the removal of a tenant, and the recovery by the owner of possession of the real property for his own occupancy, sets up two entirely different procedures. The procedure to be followed depends on whether or not the owner took title to the premises prior or subsequent to the effective date of the regulation, which in this jurisdiction was November 1, 1942. If prior to such date, section 6(a)(6), of said regulation, is to be followed and the final decision as to whether the landlord seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself, rests with the local courts and not with the Office of Price Administration.
 
 Bumgarner
 
 v.
 
 Orton
 
 (1944),
 
 ante,
 
 p. 841 [146 P.2d 67], is such a case. If, as in the case at bar, the acquisition was subsequent to November 1, 1942, section 6(b)(2) of said regulation applies, which, so far as material here, is as follows: “(2)
 
 Occupancy by purchaser.
 
 Removal or eviction of a tenant of the vendor, for occupancy by a purchaser who has acquired his rights in the housing accommodations on or after the effective date of regulation . . . [November 1, 1942] ... is inconsistent with the purposes of the Act and this regulation and would be likely to result in the circumvention or evasion thereof, unless (i) the payment or payments of principal made by the purchaser, excluding any payments made from funds borrowed for the purpose of making such principal payments, aggregate 20% or more of the purchase price, and (ii) a period of three months has elapsed after the issuance of a certificate by the Administrator as hereinafter provided. ... If the Administrator finds that the required payments of principal have
 
 *Supp. 849
 
 been made, he shall, on petition of either the vendor or purchaser, issue a certificate authorizing the vendor or purchaser to pursue his remedies for removal or eviction of the tenant in accordance with the requirements of the local law at the expiration of three months after the date of issuance of such certificate. ’ ’
 

 The trial court, having found that plaintiffs became the owners of the property after November 1, 1942, and that they had complied with all of the requirements of the said section 6(b) (2), and with the laws of the State of California concerning notice, correctly ordered possession of the premises to be restored to plaintiffs, In offering the defense evidence relating to the questions of the plaintiffs’ good faith and the family status of defendants, the latter were, in effect, seeking to have the trial court review, or act as a court of appeal from the action of the administrator in applying the regulation to the facts in this case. The court was without jurisdiction to so do, and the proffered evidence was properly rejected.
 

 The said rent regulation makes no provision for such a review. The first sentence of section 6(b) provides as follows: “No tenant shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. ’ ’ The effect of this provision is that no tenant shall be removed, with exceptions not here material, unless the administrator has certified that the landlord may pursue his remedies in accordance with the requirements of the local law. Such certification having been made in our case, the prohibition contained in section 6(b) no longer applies, and the tenant may be evicted under local law procedure. The regulation reserves to the area rent director the quasi judicial power of passing upon the sufficiency of the landlord’s application, and no court is authorized to review, reverse or modify the decision of such director on this subject, excepting those specifically designated by section 204(d) of the Emergency Price Control Act. The Congress has there provided that, with the exception of review in the Emergency Court of Appeals, and the Supreme Court of the United States, “. . . no court, Federal, State, or Territorial, shall have jurisdiction or power to consider the validity of any such regulation,
 
 *Supp. 850
 
 order or price schedule.” The words, “such regulation, order or price schedule” in this provision, refer to regulations and orders issued under section 2 of the act.
 

 The constitutional validity of the said section 204(d) has been upheld by the Supreme Court of the United States in
 
 Lockerty
 
 v.
 
 Phillips
 
 (1943), 319 U.S. 182 [63 S.Ct. 1019, 87 L.ed. 1339], and by the United States Circuit Court of Appeals, in
 
 Rottenberg
 
 v.
 
 United States
 
 (1943), 137 F.2d 850. See, also,
 
 Miller
 
 v.
 
 Municipal Court
 
 (1943) , 22 Cal.2d 818 [142 P.2d 297]. In
 
 Rottenberg
 
 v.
 
 United States, (supra),
 
 it was held that the above section precluded the United States District Court from considering defenses based on the alleged invalidity of the regulation. This was a case wherein the defendants were being prosecuted for violating the act, and a regulation made thereunder, by making sales at prices in excess of those prescribed by the applicable price regulation. Evidence by way of defense for the purpose of showing that such regulation was arbitrary, capricious and failed to provide a fair and equitable margin of profit was held to be inadmissible, as being irrelevant and immaterial to the issues properly before the court.
 

 If the municipal court of the city of Long Beach had accepted defendants’ proffered evidence, it would, by so doing, have assumed the prerogative of reviewing the facts on which the administrator issued his certificate. It would have been required “to consider the validity” of such order. Jurisdiction to do this having been withdrawn by a valid act of Congress, the trial court properly rejected such evidence.
 

 The judgment is affirmed, respondents to recover their costs of appeal.
 

 Shaw, P. J., and Fox, J., concurred.