BISHOP, J.
 

 The problems presented by this appeal arise out of an attack upon plaintiffs’ complaint, for when the first question was asked of the first witness, the defendant objected to the introduction of any evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action, and the objection was sustained and a judgment dismissing the action was entered. Upon plaintiffs’ appeal from the judgment we have reached the conclusion that the complaint stated all the facts essential to a cause of action in unlawful detainer.
 

 As a part of his objection that the complaint did not state a cause of action, the defendant particularized the lack he found in it. It revealed, he pointed out, that the certificate obtained from the Office of Price Administration authorized plaintiff Zona Bauer to pursue her remedies for the eviction of the defendant at the expiration of three months from January 27, 1944, but that the notice to terminate defendant’s month to month tenancy was served February 15, 1944, less than a month from January 27. The objection to the introduction of any evidence pointed the finger at no other particular fault. Such an objection does not serve the function of a special demurrer for uncertainty, and as no such demurrer was filed, any uncertainties that we find to exist are to be resolved in favor of the complaint’s sufficiency.
 
 (Redondo Improvement Co.
 
 v.
 
 Redondo Beach
 
 (1934), 3 Cal. App.2d 299, 303 [39 P.2d 438].) None but a defect at an essential point will justify an order sustaining an objection to the receipt of any evidence.
 

 In order to state a cause of action for the eviction of a tenant from a dwelling in the Los Angeles (or other) defense-rental area, compliance with more than the state law is required. Subdivision (a) of section 6 of the Rent Regulation for Housing (hereinafter referred to as the regulation), which was adopted pursuant to the provisions of the Emergency Price Control Act of 1942 (50 U.S.C.A.App., § 901 et seq.), opens with these words: “So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession . . . not
 
 *1024
 
 withstanding that such tenant has no lease or that his lease or other rental .agreement has expired or otherwise terminated . . . unless: ...” There then follow six paragraphs giving the classes of cases where dispossession may take place. The last of these is where the landlord “owned, or acquired an enforceable right to buy or the right to the possession of, the housing accommodations prior to the effective date of regulation,” which in the Los Angeles Defense Rental Area was November 1, 1942, “and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself. ’ ’
 

 Notwithstanding the exclusive form in which subdivision (a) is east, we find that subdivision (b) of section 6 recognizes that under circumstances not noted in subdivision (a), actions to evict tenants may be brought. The first paragraph of subdivision (b) reads: “No tenant- shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. The Administrator shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with the. purposes of the Act or this regulation and would not be likely to result in the circumvention or evasion thereof.” Paragraph (2) of section 6(b) declares that the eviction of a tenant ‘ ‘ of the vendor, for occupancy by a purchaser who has acquired his rights in the housing accommodations on or after [November 1, 1942] is inconsistent with the purposes of the Act and this regulation and would be likely to result in the circumvention or evasion thereof, unless (i) the payment or payments of principal made by the purchaser, excluding any payments made from funds borrowed for the purpose of making such principal payments, aggregate 33-1/3% or more of the purchase price, and (ii) a period of three months has elapsed after the issuance of a certificate by the Administrator as hereinafter provided. ... If the Administrator finds that the required payments of principal have been made, he shall, on- petition of either the vendor or purchaser, issue a certificate authorizing the vendor or purchaser to pursue his remedies for removal or eviction of the tenant in accordance with the requirements of the local law at the expiration of three months after the date of issuance of such certificate. ’ ’ We note that nowhere is it made a condition precedent to the issuance of the certificate that the administrator find that the
 
 *1025
 
 purchaser seeks in good faith to recover possession of the premises for his own occupancy.
 

 One who seeks to evict his prompt-rental-paying tenant from housing accommodations, in order to state a cause of action, must bring himself within some provision of section 6. In this action, plaintiffs are not complaining that the defendant has defaulted in his rent, but that he has held over after his month to month tenancy had been terminated. Assuming, for the moment, that the notice operated to terminate the tenancy, that fact of itself is insufficient to warrant an eviction (in view of the opening paragraph of section 6(a)). Plaintiffs allege as an additional fact that they “in good faith intend to immediately occupy the above described premises as a dwelling for themselves.” This allegation might seem to identify their case with those provided for under the sixth paragraph of section 6, subdivision (a). In order to state a cause of action under section 6(a) (6), however, the complaint must contain a statement to the effect that the landlord gave notice that he had acquired his interest prior to November 1, 1942.
 
 (Wrenn
 
 v.
 
 Sutton
 
 (1944), 65 Cal.App.2d Supp. 823, 825 [150 P.2d 589, 590].) The only notice that was served on the defendant in this case, as appears from the copy attached to the complaint, contained no such statement.
 

 The complaint contains two other allegations, however, which indicate that it presents a case falling under subdivision (b) of section 6. The first is the averment that the plaintiffs “now are and have been since December 17, 1943, the owners” of the premises whose possession they seek. While this allegation is not inconsistent with the possibility that the plaintiffs bought the property years ago, yet, testing it by the drastic procedure followed in this ease, that of refusing to hear any evidence because of the insufficiency of the complaint, we conclude that it is to be understood as alleging that plaintiffs acquired their interest since November 1, 1942. Consistent with this interpretation is the further fact appearing in the complaint that “plaintiff obtained from the Office of Price Administration a certificate Relating to Eviction for Occupancy by Purchaser, ’ ’ a copy being attached to the complaint. As a certificate is not provided for except in those eases where the landlord has acquired his interest after November 1, 1942, its issuance lends support to the conclusion that plaintiffs’ case falls under subdivision (b) rather than subdivision (a) of section 6.
 

 
 *1026
 
 As we have- already noted, in order to state a cause of action for an eviction under section 6(a)(6), it must appear that a notice was served upon the tenant which contained a statement to the effect that the landlord acquired his interest prior to November 1, 1942. The notice must also refer to the fact that the landlord in good faith seeks possession of the premises that he may occupy them himself for dwelling purposes.
 
 (Lester
 
 v.
 
 Isaac
 
 (1944), 63 Cal.App.2d Supp. 851, 853 [146 P.2d 524].) Where, however, as appears to be the fact in this case, the plaintiffs became the owners of the premises after November 1, 1942, and a certificate has been issued to them under section 6(b), no notice •whatever is required by the regulation. In
 
 Wrenn
 
 v.
 
 Sutton, supra,
 
 65 Cal.App.2d Supp. 823, 826 [150 P.2d 589], there is a passage in our argument which, referring to a situation where the landlord had acquired his interest subsequent to November 1,1942, reads: “. . . the ground on which the landlord relies and which he must therefore state in the notice. ...” We were deciding a case where the property had ' been acquired prior to November 1, 1942, in which no certificate had been issued, and we apparently overlooked the concluding sentence of section 6(d)(1) which declares: “The provisions of this paragraph (d)(1),” being the provisions of the regulation which require certain notices to be served upon tenants about to be evicted, “shall not apply where a certificate has been issued by the Administrator pursuant to the provisions of paragraph (b) of this section.” A plaintiff who became owner of the premises after November 1, 1942, states a cause of action if he alleges that fact, facts sufficient to show that under state law he is entitled to oust the tenant who remains in possession, that the Administrator had issued a certificate under section 6(b)(1) or (2) authorizing him to evict the tenant, and that the terms of any condition lawfully in the certificate were fulfilled. No compliance with the provisions of the regulation respecting the giving of a notice need be averred.
 

 The complaint in this case, as we have already determined, places the date of ownership after November 1, 1942. Attached to the complaint, and incorporated by reference, is a copy of the notice which “on or about February 15, 1944, plaintiffs caused to be served on the defendant.” The parties have expressed no- doubt as to the sufficiency of this notice, on the ground that it was signed only by George Bauer, and
 
 *1027
 
 in view of the holding in
 
 Earl Orchard Co.
 
 v.
 
 Fava
 
 (1902), 138 Cal. 76, 79 [70 P. 1073], we entertain none. By its terms the notice required the tenant to quit the premises at the expiration of ninety days, commencing on January 27 and ending April 27. Its last paragraph declared: “This is Intended as a 90 day notice to quit, for the purpose of terminating you tenancy aforesaid. ” It bore the date of January 31 and was served February 15. A landlord is empowered, by section 1946, Civil Code, to terminate a month to month tenancy “by giving one month’s notice thereof at any time,” and we are of the opinion that the plaintiffs by mislabeling their notice as a ninety-day notice did not rob it of its efficacy as a one month’s notice. Insofar as the state law is concerned, therefore, defendant’s term terminated April 27, 1944.
 

 A copy of the certificate alleged to have been obtained from the Office of Price Administration was attached to and by reference made a part of the complaint. It is in these words and figures:
 

 “United States of America
 

 Office of Price Administration
 

 Certificate Relating To Eviction
 

 CONCERNING (Description of Accommodation Docket Number
 

 1466 West 18th Street, San Pedro, California_E-11967
 

 To (Name and Address)
 

 Zona L. Bauer
 

 2176% Capital Drive-Banning Homes
 

 Bldg #29, San Pedro, Calif.
 

 This certificate authorizes the above-named person to pursue his remedies for the removal or eviction of the tenant named below from the above-described accommodations in accordance with the requirements of local law.
 

 The Rent Director finds that, subject to any conditions stated below, eviction or removal of the tenant is not inconsistent with the purposes of the Emergency Price Control Act of 1942 or of the Rent Regulation issued thereunder for this Defense-Rental Area.
 

 Conditions:
 

 Eviction is authorized only for occupancy by
 

 Zona L. Bauer at the
 
 *1028
 
 expiration of three months from the date of this certificate.
 

 This certificate only authorizes an action to be brought for the eviction or removal of the tenant instituted in accordance with the requirements of local law and does not pass upon the merits of such action under such law.
 

 January 27, 1944 David Barry Jr.
 

 Date David Barry Jr.
 

 Rent Director
 

 Copy To (Name and Address of Tenant)
 

 Emil S. Neuzil 1466 West 18th Street San Pedro, California
 

 ‘ ‘ This order is now in effect and will remain in effect until changed by the Office of Price Administration”
 

 No point has been, or should be, made of the circumstance that the certificate was addressed to but one of the joint owners of the property who desire, jointly, to repossess and occupy it. The Rent Director, who appears to have executed the certificate, is for that purpose the “Administrator” of section 6(b)(1) and (2). (50 U.S.C.A., § 921(b), plus section 13(2) of the regulation.) There is nothing in the certificate, it will be noticed, which purports to stay the service of any notice terminating the defendant’s month to month tenancy. It will be remembered that the regulation, in section 6 (b) (2), refers more than once to the lapse of three months from the date of issuance of the certificate. The first reference is the declaration that eviction prior to such a lapse would be inconsistent with the regulation and the act under which it was framed. Another reference is contained in the statement that, under proper conditions, a certificate should issue authorizing a purchaser “to pursue his remedies for removal or eviction of the tenant in accordance with the requirements of the local law at the expiration of three months after the date of issuance of such certificate.” Plainly, the regulation is concerned with the time that should elapse between the date of the certificate and the eviction, not between the date of the certificate and any change in the contractual relationship of the landlord and his tenant.
 
 (Weber
 
 v.
 
 Smith
 
 (1943),-S.D.- [12 N.W.2d 317, 319].)
 

 The argument that service of the notice terminating the month to month tenancy is a step in the landlord’s remedy,
 
 *1029
 
 confuses the right to evict and the remedy whereby the eviction is brought about. Until defendant’s month to month tenancy had been terminated, the plaintiffs had no cause of action and so no occasion to pursue any of their remedies. As stated in 1 C.J.S. 967: “The term ‘remedy,’ when properly used in a legal sense, signifies and is limited to the judicial means or method whereby a cause of action may be enforced; the judicial means for enforcing a right or redressing a wrong.” (See also discussion in
 
 Painter
 
 v.
 
 Berglund
 
 (1939), 31 Cal.App.2d 63, 70 [87 P.2d 360].) We have no reason to doubt that the regulation authorizing the issuance of the certificate, and the certificate itself, used “remedies” in a legal sense, and used it properly. The service of the notice which operated to terminate the right of the defendant to continue in possession of plaintiffs’ property was not a part of the remedy provided by local law, but a step in perfecting a right. The step was properly taken although the time had not yet arrived when the remedy to enforce the right, thus perfected, could be initiated.
 

 One further matter merits mention because it will arise if this case goes to trial. The condition imposed in the certificate was such that the complaint should, as it does, contain an allegation that the eviction is sought in order that Zona L. Bauer might occupy the premises. We mention the matter because we have noted that section 6(b)(1) and (2) does not make a bona fide intent to occupy the premises, by the landlord, a condition precedent to the issuance of a certificate. It does not follow, however, that such an intent upon the part of the plaintiff may not be made a condition precedent to the rendition of a judgment of eviction, and we conclude that that is the effect of the “conditions” in the certificate issued in this case. There is nothing stated in
 
 Jones
 
 v.
 
 Shields
 
 (1944), 63 Cal.App.2d Supp. 846, 848 [146 P.2d 735], which is to be understood as being inconsistent with our present conclusion. The problem there considered was whether or not a finding upon which the rent director had acted in issuing the certificate could be questioned in the trial court. We held that the validity of the certificate was not a subject of debate in the trial court, which in no wise conflicts with our present holding that the denial of the allegation of the complaint “That plaintiffs in good faith intend to immediately occupy the above described premises.as a dwelling for themselves,” does raise an issue that may be tried. The
 
 *1030
 

 i
 
 allegation goes further than is made necessary by the certificate, but includes the averment which is necessary and must be proved, that is, that Zona L. Bauer intends to occupy the premises upon the eviction of the defendant.
 

 The complaint could be improved. It should allege, that which the title suggests, that the plaintiffs are husband and wife, if that be the fact. It should state the time when the plaintiffs became the owners of the premises or first acquired an enforceable right to buy or possess them. If the purpose of the defendant’s holding is to occupy the premises as a dwelling, that should appear. But, as against an objection to the admission of any evidence, the complaint is sufficient.
 

 The judgment is reversed, with directions to the trial court to permit plaintiffs to amend their complaint, if they be so advised. The appeal from the nonappealable order sustaining the objection, is dismissed. Appellants shall recover their costs of appeal.
 

 Shaw, P. J., and Kincaid, J. pro tern., concurred.