Appellate Department, Superior Court, Los Angeles.

[Civ. A. No. 6004.   June 12, 1945.]

MARTIN YONCICH et al., Appellants, v. W. H. QUINN, Respondent.

Glenn A. Wymore and Howard E. Miller for Appellants.

Jerrell Babb for Respondent.

SHAW, P. J.—This proceeding in unlawful detainer is here on appeal from a judgment for defendant entered after the sustaining of a demurrer to the complaint. The complaint states the following case. Plaintiffs are the owners of premises occupied by defendant as a dwelling under a tenancy from

month to month, and plaintiffs seek to oust defendant from these premises in order that plaintiffs' son may occupy them as a dwelling for himself. Plaintiffs have obtained from the local O.P.A. Rent Director a "Certificate Relating to Eviction," authorizing them to pursue their remedies for the eviction of the defendant from these premises in accordance with local law, subject to the condition that eviction is authorized only for occupancy by plaintiffs' son. In this certificate, the Rent Director finds that such eviction is not inconsistent with the purposes of the Emergency Price Control Act of 1942 or of the rent regulation issued thereunder for this area. Plaintiffs have given defendant a notice to terminate his month to month tenancy, the sufficiency of which to satisfy California law is not questioned here. In this notice they stated that it was given "pursuant to" the certificate above mentioned, "authorizing eviction of the tenant for occupancy" by plaintiffs' son.

In support of the judgment, defendant contends that the notice given him does not comply with the O.P.A. Rent Regulation for Housing, because it does not state that the plaintiffs seek possession of the premises in good faith for immediate use as a dwelling for *themselves*, and does not state that they acquired the property prior to November 1, 1942— the effective date of the rent regulation in this area. We find no merit in either objection, under the circumstances of this case.

The rent regulation above mentioned prohibits the eviction of a rent-paying tenant of housing accommodations except in cases where this is authorized by the regulation. A series of such authorizations appears in section 6(a), one of which is where the landlord owned the property prior to the effective date of rent regulation, and seeks in good faith to recover possession thereof for immediate use as a dwelling for himself (§ 6(a) (6)). Where the landlord attempts to proceed under this provision, we have held that in his notice to the tenant he must make the two statements for which the defendant contends in this case. (*Lester* v. *Isaac* (1944), 63 Cal.App.2d Supp. 851 [146 P.2d 524]; *Wrenn* v. *Sutton* (1944), 65 Cal.App.2d Supp. 823, 825 [150 P.2d 589]; *Bauer* v. *Neuzil* (1944), 66 Cal.App.2d Supp. 1020, 1026 [152 P.2d 47].) These decisions were based on section 6(d) (1) of the

regulation, which expressly requires the notice to the tenant to vacate to state the ground for his eviction.

In the present case, plaintiffs do ,not allege a case within the above mentioned provision or any other provision of section 6, paragraph (a), of the rent regulation, and manifestly they are not proceeding under that paragraph. The next paragraph, (b), of section 6, provides, in clause (1), that "No tenant shall be removed or evicted on grounds other than those stated above" unless the administrator (or the Rent Director acting for him by virtue of section 13(a) (2) of the regulation) certifies that the landlord may pursue his remedy under local law, and that the administrator (or Rent Director) "shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with the purposes of the Act or this regulation and would not be likely to result in the circumvention or evasion thereof." Here, according to the complaint, the Rent Director issued to plaintiffs the certificate authorized by section 6(b) (1); and its issuance constitutes a finding of the existence of the conditions the landlord is there required to establish, no express finding regarding them being required.

This being a case under section 6(b) (1), the provision of section 6(d) (1) of the regulation requiring the notice to the tenant to state the grounds of eviction is not applicable, but instead the case is covered by the subsequent provision of that clause, which is really an exception to the former, that "The provisions of this paragraph (d) (1) shall not apply where a certificate has been issued by the Administrator pursuant to the provisions of paragraph (b) of this section." Hence no statement of grounds of removal, whether those contended for by plaintiffs, or any other, was necessary in the notice given here. (*Bauer* v. *Neuzil, supra* (1944), 66 Cal. App.2d 1020, 1026.)

Defendant's argument here, though aimed at the notice, seemed to veer toward the conclusion that a tenant cannot be removed under section 6(b) (1) in order that anyone other than the landlord may occupy the property; but we find no justification in the regulation for that conclusion. Its language does not purport to limit the nature of the grounds on which the administrator or Rent Director may issue his certificate for removal or eviction. Where the landlord desires

to occupy the property himself, but cannot proceed under section 6(a) (6) because he acquired the property on or after the effective date of rent regulation, section 6(b) (2) puts some limitations on him in order to make sure that his purchase is a real one; but there is nothing in this provision or elsewhere in the regulation to suggest that a certificate can be issued under section 6(b) (1) only for self-occupancy by the landlord. In construing this regulation we must bear in mind that it is not a grant of rights, but an emergency limitation on rights which every landlord would otherwise possess, and that its mere failure to authorize an act or proceeding is not a prohibition. Where the certificate provided by section 6(b) (1) is issued, it removes the prohibition laid on eviction of a tenant by the terms of section 6; and the landlord, being freed from the restraint, may proceed to evict the tenant, on compliance with state law. (*Jones* v. *Shields* (1944), 63 Cal.App.2d Supp. 846, 849 [146 P.2d 735].) His grounds for doing so are immaterial unless in the certificate he is limited in that respect. Here the Rent Director did attach a condition limiting plaintiff to eviction for occupancy by plaintiffs' son. The complaint clearly alleged compliance with this condition, as we held it must in *Bauer* v. *Neuzil, supra,* 66 Cal. App.2d 1029. ■ The certificate of the Rent Director is conclusive upon all parties in this proceeding. Its validity can be attacked only in the Emergency Court of Appeals set up by the Emergency Price Control Act. (*Jones* v. *Shields, supra.*)

The judgment is reversed and the cause remanded to the municipal court with directions to overrule the demurrer and permit the defendant to answer, plaintiffs to recover their costs of appeal.

Bishop, J., and Kincaid, J., concurred.