NARCISO SAIS, Plaintiff and Appellant, *v.* ENRIQUE GORBEA VALLECILLO, Defendant and Appellee.

No. 9299. Argued May 1, 1946.—Decided May 3, 1946.

*Diego O. Marrero* for appellant. *Miranda & Miranda Esteves* for appellee.

MR. JUSTICE CÓRDOVA delivered the opinion of the court.

After the Rent Regulation for Housing, issued by the Office of Price Administration under the federal statute known as the Emergency Price Control Act of 1942, had become effective in Puerto Rico, the appellant purchased a house occupied by the appellee as a dwelling under contract with the former owner. The appellant made an unsuccessful demand upon the appellee to vacate the dwelling, claiming that he needed it for his own use, and after notifying the demand to the Office of Price Administration, he brought an action of unlawful detainer at sufferance against the appellee, alleging in substance the facts which we have already stated.

The appellee then moved to dismiss the complaint, on the ground that it failed to allege that the appellant had obtained from the Office of Price Administration the certificate which, under the terms of the Rent Regulation for Housing, is an essential requisite to an action of eviction by the purchaser of a dwelling against a tenant of the former owner.

The lower court sustained the motion and granted the appellant ten days to amend the complaint. The appellant thereupon moved for judgment, stating in effect that he had not obtained and did not propose to obtain the certificate from the Office of Price Administration, as he did not deem it necessary, and the court entered the judgment appealed from, dismissing the complaint.

■■ The three errors assigned by the appellant may be reduced to one, namely, that the lower court erred in deciding that the certificate of the Office of Price Administration was an essential requisite for the eviction of the appellee. The appellant does not deny that the express terms of the Rent Regulation for Housing prohibit eviction in cases of the termination of the lease of a dwelling by reason of the sale of the property, unless a certificate authorizing eviction is obtained from the Office of Price Administration. What he

argues, in brief, is that the provision of the Rent Regulation for Housing which requires the certificate is void, inasmuch as it deprives the appellant of his property without due process of law.

We lack jurisdiction to consider the objection raised by the appellant against the Regulation. Section 204 (*d*) of the Emergency Price Control Act of 1942, expressly confers on the Emergency Court of Appeals, created by the same Act, exclusive jurisdiction to determine the validity of any regulation, or of any provision of a regulation, issued by the Price Administrator, and in express terms it denies to all other courts—federal, state, or territorial—jurisdiction to consider the validity of any price or rent regulation. The constitutionality of the provisions of § 204 (*d*) of the Act has been upheld by the Supreme Court of the United States. *Yakus* v. *United States,* 321 U.S. 414, 88 L. ed. 834; *Bowles* v. *Willingham,* 321 U.S. 503, 88 L. ed. 892. Appellant may not complain to us of the Rent Regulation for Housing. His grievance can not be submitted to any forum other than the Emergency Court of Appeals.

The appellant invokes the cases of *Suárez* v. *Betancourt,* 64 P.R.R. 447, and *Miranda* v. *Jarabo,* 64 P.R.R. 855. They are inapplicable. In the first, we only held that the Rent Regulation for Housing is not, as indeed it does not purport to be, applicable to the case of a defendant in an action of unlawful detainer whose possession does not derive from a landlord-tenant relation with the plaintiff or his predecessors in interest. We emphasized that it did not appear that the defendant was a tenant of either the plaintiff or the former owner of the property. In the second, the obtention of the certificate from the Office of Price Administration was not necessary under the terms of the Rent Regulation for Housing, inasmuch as the plaintiff had acquired the property prior to the effective date of the Regulation. For that reason the question as to the necessity of the certificate was neither

raised nor discussed. Neither case is in any way inconsistent with either the spirit or the letter of the Rent Regulation for Housing.

The appellant also relies on the cases of *Mason* v. *Curro*, 41 A. (2d) 164 and *Bauer* v. *Neuzil*, 152 P. (2d) 47 (Cal.). The former is not applicable, as it arose in the District of Columbia where a special Act of Congress (The District of Columbia Emergency Rent Act, 1941), and not the Rent Regulation for Housing, is in force. The case of *Bauer* v. *Neuzil* is strictly applicable, but it is precisely contrary to the contention of the appellant.

The lower court did not err in dismissing the complaint in the eviction proceeding and hence the judgment appealed from should be affirmed.