VERNON L. WHITMAN *et al. vs.* JOSEPH CURTIN.

FEBRUARY 19, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J.    This is an action of trespass and ejectment in which the superior court, at the conclusion of the plaintiffs' evidence, directed a verdict in their favor. Defendant excepted to that ruling and has duly prosecuted a bill of exceptions to this court setting out that exception and also three other exceptions, namely, to the denial of his motion for a directed verdict and to the admission of certain evidence at the trial.

Plaintiffs are the owners, as tenants in common, of a dwelling at 560 River avenue, situate in Providence, in this state, which they rented to the defendant on a month to month letting, beginning the first of each month. On August 2, 1946 they gave him a notice to quit the premises on September 1, 1946. On February 21, 1946 plaintiff Vernon M. Whitman applied to and received from the Providence area

rent office of the federal office of price administration a certificate authorizing the eviction of the defendant as not inconsistent with the purposes of the emergency price control act of 1942, as amended, or of the rent regulation issued thereunder for the Providence defense rental area. That certificate further provided: "The purpose for which eviction of the tenant is authorized is for the occupancy of the petitioner's son. Action to remove or evict the tenant shall not be commenced sooner than six months from February 21, 1946."

On September 12, 1946 plaintiffs commenced their action of trespass and ejectment by writ of that date and returnable September 23, 1946. At the trial of the action no question was raised as to the applicability to the parties of the emergency price control act of 1942 and the regulations made thereunder. The parties conceded that they were applicable and the plaintiffs contended that they had complied therewith. Defendant, on the contrary, contended that both plaintiffs had not so complied, as only plaintiff Vernon M. Whitman had applied for and received the necessary certificate authorizing him to pursue his remedies, and that plaintiff Prescott A. Whitman, not having applied, was not entitled to claim the benefit of the certificate which had been issued to his coplaintiff. For that reason defendant objected to the admission in evidence of that certificate. The overruling of that objection by the trial justice is the subject of defendant's second exception.

Defendant further contended at the trial that even though the certificate did redound to the benefit of both plaintiffs its terms had not been complied with, since by giving him, on August 2, 1946, a notice to quit, they had commenced action to remove or evict him sooner than six months from February 21, 1946, contrary to the permission granted by the certificate. For that reason defendant objected to the admission in evidence of the notice to quit. The overruling of that objection by the trial justice is the subject of defendant's first exception.

Those two exceptions raise the vital issues in the case. The exceptions to the denial of defendant's motion for a directed verdict and to the granting of plaintiffs' motion for a directed verdict will stand or fall according to the strength or weakness of the first and second exceptions.

Unless we are to construe the word "action" in the certificate as meaning something other than an action at law, there is no merit in defendant's first exception. He contends that the word "action" as used in the certificate has "a more comprehensive meaning" than it has in a strictly legal sense. It means, he asserts, any overt act, an act or thing done. This is the ordinary sense, he points out, as given in "Webster's Twentieth Century Dictionary" and is plainly the sense in which it would be understood by a layman to whom such a certificate is usually given before professional legal advice is sought. And finally he argues that the sending of the notice to quit was "action" in the sense intended by the certificate, because the sending of such notice is the original step in the commencement of legal proceedings to eject a tenant under the law of this state.

We cannot agree with defendant's argument. We think that the certificate must be construed to mean that plaintiffs may not commence legal action, that is, may not start pursuit of their legal remedies to evict defendant until the lapse of six months from February 21, 1946. Under our law a notice to quit is no part of the legal remedy to eject a tenant. In those instances where the service of a notice to quit the premises is prescribed it is a necessary step antecedent to the right to pursue the legal remedy to eject. Therefore action in the case at bar was not commenced by the plaintiffs until their writ of trespass and ejectment issued, on September 12, 1946, which was after the lapse of six months from February 21, 1946. Such a view of a plaintiff's right under a similar certificate has been taken in *Bauer* v. *Neuzil,* 66 Cal. App. 2d Supp. 1020. And it would appear from *Schmidt* v. *Leary,* 57 N. Y. S. 2d 292, that a like interpretation, by regulation, has actually been made by the federal

office of price administration. Hence in the instant case the trial justice did not err in admitting the notice to quit. Defendant's first exception must, therefore, be overruled.

As to defendant's second exception we are of the opinion that it is clearly without merit and must also be overruled. The certificate of the federal rent director states that he finds that "eviction or removal of the tenant is not inconsistent with the purposes of the Emergency Price Control Act of 1942, as amended, or of the Rent Regulation issued thereunder for this defense rental area." That finding removes the defendant from the protection of federal law and leaves the state law to operate in connection with his tenancy as though the federal law did not exist. Whether the certificate was obtained by one or both of the landlords, holding as cotenants, is no concern of the state court, so long as it was properly obtained and the rent director is not setting up any objection to its sufficiency to enable ejectment proceedings to be brought against the defendant within the limitations of the certificate. Although notified that plaintiffs had commenced action against the defendant in accordance with the certificate, the rent director at no time has sought to intervene in this action. Such absence of interest on his part is but confirmation of the view which the trial justice took in overruling defendant's objection to the admission in evidence of the certificate, namely, that "the Office of Price Administration is not too much concerned with the mechanical details by which the ejectment proceedings may be brought, but it is concerned substantially with the question of whether proceedings shall be brought, or whether the tenant shall be subject to eviction proceedings." We concur in that view and hence are of the opinion that he did not err in admitting the certificate in evidence. Defendant's second exception must, therefore, be overruled.

In view of the overruling of defendant's first and second exceptions, there is obviously no merit in either his third or fourth exception. The notice to quit and the certificate of permission to bring the action being properly in evidence

and there being no evidence presented by defendant conflicting with that of the plaintiffs, the latter were entitled to the direction of a verdict in their favor and the defendant was not entitled to one in his favor.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Harold W. Thatcher, Charles E. Tilley, Swan, Keeney & Smith,* for plaintiffs.

*Edmund J. Carberry, Jr.,* for defendant.

