José Cuebas Padilla, Petitioner, *v.* District Court of Puerto Rico, San Juan Section, Hon. E. S. Belaval, Judge, Respondent; Office of Rent Stabilization, Intervener; María Isabel C. de Pérez et al., Co-interveners.

No. 1952.   Argued November 21, 1952.—Decided December 10, 1952.

*Fernando B. Fornaris* and *Fernando Fornaris, Jr.,* for petitioner.   *A. Rivera Brenes* for intervener, *Heriberto Torres Solá* for co-interveners, plaintiffs in the main action.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

This proceeding involves the validity and efficacy of a notice served by the lessor on the lessee pursuant to the provisions of our Reasonable Rents Act,[1] prior to the date on

---

[1] Section 12-B of our Act provides:

"In any other case in which unlawful detainer proceedings may be prosecuted under insular or federal legislation, the plaintiff may not file his action until after he has served on the tenant not less than six months in advance of the date of the filing of said unlawful detainer action, authentic written notice of his intention to recover the property."

which the eviction certificate was issued by the Housing Expediter, but within the waiting period of six months which by provision of the certificate should begin to run prior to the date of issuance.

The facts which give rise to the legal question are the following. On July 12, 1950 María Isabel C. de Pérez and Antonio Pérez Álvarez requested from the Office of the Housing Expediter an eviction certificate for the purpose of commencing an unlawful detainer proceeding under the local law against their tenant José Cuebas Padilla. On the 13th or 14th of July of the same year said tenant received by mail a notice from his landlords granting him six months to vacate the leased premises.[2] On July 25, 1950 the Housing Expediter issued the eviction certificate requested by the aforesaid landlords authorizing action under the local law for eviction of the tenant at the expiration of six months from July 13, 1950. At expiration thereof, that is, on February 19, 1951, the landlords brought an action of unlawful detainer against their tenant Cuebas Padilla[3] before the former Municipal Court of Puerto Rico, Río Piedras Section. The latter contested the jurisdiction of the court on the ground that the notice that plaintiffs sent to him on July 12, 1950 was pre-

---

[2] Said notice reads as follows:

Dear Mr. Cuevas Padilla:

I wish to inform you that, *on this date, I am requesting an eviction certificate from the Federal Rents Office*, for the purpose of making some repairs in the building that you are occupying. I am enclosing a copy of said petition.

*Pursuant to the Insular Act,* from this date you are granted a period of six months to vacate the premises.

I am sending a copy of this notice to the Federal Rents Office, attaching herewith the form sheets of the Rents Office Nos. D–74 and D–4.

Respectfully yours,

(Sgd.) María Isabel C. de Pérez

(Sgd.) Antonio Pérez,

(Italics ours.)

[3] Act No. 464 of April 25, 1946 (Sess. Laws, p. 1326) as amended by Act No. 201 of May 14, 1948 (Sess. Laws, p. 574).

mature inasmuch as it was not served after July 25, date when the eviction certificate authorizing them to bring said action was issued. The court upheld defendant's contention and rendered judgment dismissing the complaint for lack of jurisdiction. Plaintiffs appealed to the former District Court of Puerto Rico, San Juan Section, and after the question of jurisdiction was argued in the preliminary hearing said court rendered a decision on May 27, 1952 overruling the motion to dismiss for lack of jurisdiction and setting a date for the second hearing.

We issued a writ of certiorari to review the decision of the court *a quo.*

▆▆▆ Section 197 (c)[4] of the Federal Regulation provides that "No provision of sections 191 to 206 shall be construed to prohibit a landlord who has obtained a certificate under sections 191 to 196 from serving, prior to the expiration of the waiting period specified in said certificate, such notice or notices as may be required by the local law, provided that such notice or notices do not demand surrender of possession until after expiration of said waiting period." Defendant stresses the phrase "who has obtained a certificate" as though this means that plaintiff should have first obtained the eviction certificate before he could notify the lessee of his intention of terminating the lease contract as provided by the local law. We do not construe said Section thus. The purpose of said Section is obviously to make clear a situation which actually exists. It could be construed that the notice required by the local law could not be served until after the expiration of the waiting period stated in the certificate. See, for example, the case of *Bauer* v. *Neuzil,* 152 P. 2d 47, 49. Should said Section be thus construed the landlord, in a case as the one herein, would have to wait 12 months—6 months under

---

[4] The numeration assigned corresponds to the recodification of the regulation made on December 19, 1951. The specific Section that we cite is identical with § 825.6 (*f*) of the Regulations of April 1, 1949, which apply to this case.

the certificate and 6 months under the local Act—in order to pursue his remedies under the local law.[5]  We believe that the purpose of said Section was to make clear that the notice required by the local Act could be made within the waiting period fixed by the Federal Act.  This does not mean that the possession of a certificate is a condition precedent to the service of the notice, inasmuch as the same is not a part of the remedy provided by the local law but is merely a step in the attainment of said remedy, which step may be taken although time has not yet arrived to bring the action.  See *Bauer* v. *Neuzil, supra,* at page 52, where the following is stated:

"The argument that service of the notice terminating the month to month tenancy is a step in the landlord's remedy, confuses the right to evict and the remedy whereby the eviction is brought about.  Until defendant's month to month tenancy had been terminated, the plaintiffs had no cause of action and so no occasion to pursue any of their remedies.  As stated in 1 C.J.S., Actions, § 3, p. 967: 'The term "remedy," when properly used in a legal sense, signifies and is limited to the judicial means or method whereby a cause of action may be enforced; the judicial means for enforcing a right or redressing a wrong.' (Citation.)  We have no reason to doubt that the regulation authorizing the issuance of the certificate, and the certificate itself, used 'remedies' in a legal sense, and used it properly.  The service of the notice which operated to terminate the right of the defendant to continue in possession of plaintiffs' property was not a part of the remedy provided by local law, but a step in perfecting a right.  The step was properly taken although the time had no yet arrived when the remedy to enforce the right, thus perfected, could be initiated."

---

[5] Section 825.6 (*c*) of the Federal Regulation of April 1, 1949, which is the one in point, provides:

"*Eviction certificate; grounds for issuance.  No tenant shall be removed or evicted on grounds other than those stated in paragraph (a) of this section, unless on petition of the landlord the Housing Expediter certifies that the landlord may pursue his remedies in accordance with the requirements of local law.  . . .*  The Expediter shall so certify if he finds that removals or evictions of the character proposed are not inconsistent with the purposes of the act or this regulation and would not be likely to result in the circumvention or evasion thereof." (Italics ours.)

The notice served on defendant was therefore legal, although sent prior to the issuance of the certificate. Our wording in *Asoc. Cooperativa* v. *Navarro*, 73 P.R.R. 140, 148–49 in the sense that "There is nothing in the record on appeal indicating that the plaintiff complied with the requirement of obtaining from the Housing Expediter the eviction certificate authorizing him to institute . . . his unlawful detainer proceeding under the local law. . . . Said certificate is a prerequisite not for the eviction—. . .—but for the *commencement* of the action under the local law," does not have the scope that petitioner gives it. Said language is not susceptible of a construction to the effect that the unlawful detainer under the local law *commences* with the notice required by said law. Action under the local law commences with the filing of the corresponding complaint. However, said action can not prosper unless plaintiff has previously obtained an eviction certificate from the Housing Expediter authorizing its filing, and in addition, has allowed the waiting period required by the federal as well as by the local law to expire. Although the possession of the certificate is a precedent condition to the filing of the action, *Asoc. Cooperativa* v. *Navarro*, *supra*, the notice made to the tenant so that he may vacate the premises is not considered as the commencement of the action of unlawful detainer, *Town of Lakota* v. *Gray*, 35 N.W.2d 841, 843, but, as we stated before, it is merely a step which must be taken *prior* to the commencement of the action.

The writ issued will be quashed.