José Cuebas Padilla, peticionario, *v.* Tribunal de Distrito de Puerto Rico, Sección de San Juan, Hon. E. S. Belaval, Juez, demandado; Oficina de Estabilización de Rentas, interventora; María Isabel C. de Pérez et al., cointerventores.

Número 1952.

*Sometido:* 21 de noviembre de 1952. *Resuelto:* 10 de diciembre de 1952.

*Fernando B. Fornaris* y *Fernando Fornaris, Jr.,* abogados del peticionario; *A. Rivera Brenes,* abogado de la interventora; *Heriberto Torres Solá,* abogado de los cointerventores, demandantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

En este recurso se discute la validez y eficacia de una notificación hecha por el arrendador al arrendatario a tenor con las disposiciones de nuestra Ley de Alquileres Razonables, (¹) con anterioridad a la fecha de expedición del certificado de evicción por el Acelerador de Viviendas pero dentro del período de espera de seis meses que por disposición del propio certificado debía comenzar a correr desde antes de su expedición.

Los hechos que dan origen a la cuestión legal así planteada son los siguientes. El día 12 de julio de 1950, María Isabel C. de Pérez y Antonio Pérez Álvarez solicitaron de la Oficina del Acelerador de Viviendas un certificado de evicción con el propósito de instar acción de desahucio bajo la ley local contra su inquilino José Cuebas Padilla. El día 13 o el 14 de julio del mismo año dicho inquilino recibió por correo una notificación de sus caseros concediéndole seis meses para que desocupara la propiedad arrendada. (²) Con fecha 25 de julio de 1950 el Acelerador de Viviendas expidió el certificado de evicción solicitado por los indicados caseros

---

(¹) La sección 12–B de dicha ley dispone:

"En cualquier otro caso en que pueda promoverse la acción de desahucio bajo legislación insular o federal, el demandante no podrá radicar su demanda hasta después de haber notificado por escrito de modo fehaciente al inquilino su intención de recobrar la propiedad con no menos de seis meses de antelación a la fecha de la presentación de la demanda de desahucio."

(²) Dicha notificación reza así:

"Estimado Señor Cuevas Padilla: Permítame comunicarle que, *con esta fecha, estoy solicitando un certificado de desahucio de la oficina Federal de rentas,* con el propósito de efectuar reformas en el edificio que Ud. ocupa. Copia de dicha petición, se la estoy incluyendo.

*"De acuerdo con la ley Insular,* a partir de esta misma fecha, le concedo el término de seis meses para desocupar el piso que Ud. ocupa.

autorizándoles a iniciar acción bajo la ley local para el desalojo del inquilino no antes de seis meses a contar del día 13 de julio de 1950. Transcurridos dichos seis meses de espera, o sea, el día 19 de febrero de 1951, los arrendadores iniciaron ante la Sección de Río Piedras del anterior Tribunal Municipal de Puerto Rico, demanda de desahucio contra su inquilino Cuebas Padilla.([3]) Impugnó éste la jurisdicción de aquel tribunal fundándose en que la notificación que le enviaran los demandantes el día 12 de julio de 1950 era prematura toda vez que no se hizo con posterioridad al 25 de julio, fecha de la expedición del certificado de evicción que le autorizaba a ejercitar tal acción. Aquel tribunal sostuvo la contención del demandado y dictó sentencia desestimando la demanda por falta de jurisdicción. Apelaron los demandantes para ante la Sección de San Juan del anterior Tribunal de Distrito de Puerto Rico, y discutida la cuestión de jurisdicción en la audiencia señalada para la primera comparecencia, dicho tribunal, con fecha 27 de mayo de 1952 dictó una resolución declarando sin lugar la moción de desestimación por falta de jurisdicción y señaló fecha para la segunda comparecencia.

Expedimos un auto de *certiorari* para revisar esa resolución del tribunal o quo.

La sección 197 (*c*) ([4]) del Reglamento Federal dispone que "Ninguna de las disposiciones de las secciones 191

---

"Copia de esta comunicación se la estoy remitiendo a la oficina Federal de Rentas, incluyéndole a Ud. en ésta, las formas de la misma oficina de rentas, Nos. D-74 y D-4.

"De Ud. respetuosamente,

"(Fdo.) María Isabel C. de Pérez
"(Fdo.) Antonio Pérez,"
(Bastardillas nuestras.)

([3]) Ley núm. 464 de 25 de abril de 1946 ((1) pág. 1327) según fué enmendada por la núm. 201 de 14 de mayo de 1948 ((1) pág. 575.)

([4]) La numeración que señalamos corresponde a la recodificación del reglamento hecho en 19 de diciembre de 1951. La sección particular que citamos es idéntica a la sección 825.6 (*f*) del Reglamento de 1º de abril de 1949 que es el aplicable a este caso.

a 206 se entenderá en el sentido de prohibir a un casero que haya obtenido un certificado bajo las secciones 191 a 196 el envío, con anterioridad a la fecha en que termine el período de espera especificado en dicho certificado, de aquella notificación o notificaciones que pudieran ser requeridas por la ley local, siempre y cuando que dicha notificación o notificaciones no soliciten la entrega de la vivienda hasta pasado el período de espera." El demandado enfatiza la frase "que haya obtenido un certificado" como que ésta quiere decir que el demandante tenía que obtener primero el certificado para luego poder notificar al arrendatario su intención de terminar el contrato de arrendamiento, como lo exige la ley local. No interpretamos dicha sección así. El propósito de la misma es obviamente aclarar una situación existente en la realidad. Podría interpretarse que la notificación exigida por la ley local no podría hacerse hasta pasado el período de espera señalado en el certificado. Véase, por ejemplo, el caso de *Bauer* v. *Neuzil*, 152 P.2d 47, 49. De interpretarse dicha sección así, el casero, en un caso como éste que nos ocupa, tendría que esperar 12 meses—6 meses bajo el certificado y 6 meses bajo la ley local—para poder instituir sus remedios bajo la ley local.([5]) Creemos que fué el propósito de esa sección el hacer claro que la notificación requerida por la ley local podía hacerse dentro del período de espera fijado por la ley federal. Eso no quiere decir que la obtención del certificado sea condición previa para poder hacer la notifica-

---

([5]) La sección 825.6 (*c*) del Reglamento Federal de abril 1 de 1949, que es el aplicable, dispone:

"CERTIFICADO PERMITIENDO EL DESAHUCIO: *Ningún inquilino será desalojado o desahuciado por otras razones que las expuestas precedentemente, a menos que, a petición del casero, el Acelerador de Viviendas certifique que el casero puede hacer uso de los remedios que pueda tener bajo la ley local.* El Acelerador de Viviendas así lo certificará si el casero demuestra que el desalojo o desahucio para el cual se pide autorización no es contrario a los propósitos de la Ley o de este Reglamento y además, que tal desalojo o desahucio ni constituye ni ha de constituir un subterfugio para evadir la Ley o el Reglamento." . . . (Bastardillas nuestras.)

ción, ya que dicha notificación no forma parte del remedio provisto por la ley local sino que es meramente un paso en la consecución de dicho remedio, cuyo paso puede tomarse aun cuando no haya llegado el tiempo de iniciar el remedio. Véase *Bauer* v. *Neuzil*, supra, a la pág. 52, donde se dice lo siguiente:

"El argumento de que la entrega de la notificación dando por terminado el alquiler de mes a mes es una etapa en el remedio del arrendador, confunde el derecho a desahuciar y el remedio por el cual se efectúa el desahucio. Hasta tanto el arrendamiento de mes a mes del demandado haya terminado, los demandantes no tienen causa de acción y, por tanto, ocasión para ejercitar cualquiera de sus remedios. Como se dice en 1 C.J.S., Acciones, sec. 3, pág. 967: 'El vocablo "remedio", cuando se usa correctamente en el sentido legal, significa y está circunscrito a las medidas judiciales o medio por el cual puede hacerse efectiva una causa de acción; los medios judiciales para hacer efectivo un derecho o corregir un mal.' [Cita.] No tenemos motivo alguno para dudar que la reglamentación autorizando la expedición de un certificado, y el certificado mismo, usaron 'remedios' en un sentido legal, y que lo usaron correctamente. La entrega de la notificación, la que operaba en el sentido de terminar el derecho del demandado a continuar en la posesión de la propiedad del demandante, no era una parte del remedio provisto por la ley local y sí un paso para perfeccionar un derecho. El paso fué propiamente dado, aun cuando todavía no había llegado el momento en que el remedio para hacer efectivo el derecho, así perfeccionado, podía ser iniciado."

La notificación hecha, pues, al demandado era válida aun cuando se hubiese hecho antes de la obtención del certificado. Nuestro lenguaje en el caso de *Asoc. Cooperativa* v. *Navarro*, 73 D.P.R. 145, en el sentido de que "Nada hay en el récord en apelación que indique que la demandante cumpliera con el requisito de obtener del Acelerador de Viviendas el certificado de evicción que le autorizara a iniciar . . . su acción de desahucio bajo la ley local. . . . Dicho certificado es una condición precedente, no para el lanzamiento— . . . —sino para el *inicio* de la acción bajo la ley local", no tiene el

alcance que le da el peticionario. Tal lenguaje no es susceptible de una interpretación al efecto de que la acción de desahucio bajo la ley local *se inicia* con la notificación requerida por dicha ley local. La acción bajo la ley local se inicia con la radicación de la demanda correspondiente. Sin embargo, tal acción no puede prosperar a menos que el demandante haya obtenido previamente un certificado de evicción del Acelerador de Viviendas autorizando su ejercicio, y además que hayan transcurrido los períodos de espera, requeridos tanto por la ley federal como por la ley local. Si bien la obtención del certificado es una condición precedente para el inicio de la acción, *Asoc. Cooperativa* v. *Navarro*, supra, la notificación hecha al arrendador para que desocupe el local no se considera como que sea el comienzo de la acción de desahucio, *Town of Lakota* v. *Gray*, 35 N.W.2d 841, 843, sino que, como dijimos antes, es meramente un paso que hay que tomar *antes* de dar comienzo a la acción.

*Debe anularse el auto expedido.*