SHAW, P. J.
 

 This is an appeal by the plaintiff from a judgment entered after the sustaining of a demurrer to the complaint in an unlawful detainer proceeding by which plaintiff seeks to recover the possession of certain housing accommodations occupied by defendant as his tenant.
 

 The only question presented by the appeal is whether the notice which, the complaint alleges, the plaintiff gave to defendant to terminate her month-to-month tenancy is sufficient for that purpose. That it complies with the provisions of California law is not disputed, but defendant contends that it does not satisfy the requirements of the O. P. A. Rent Regulation for Housing (8 Fed. Register 7322) issued pursuant to the Emergency Price Control Act of 1942. We have already held that a complaint in unlawful detainer which does not show the service on the tenant of a notice sufficient to comply with that regulation fails to state a cause of action.
 
 (Lester
 
 v.
 
 Isaac
 
 (1944), 63 Cal.App.2dSupp. 851 [146 P.2d 524].)
 

 The regulation above mentioned provides, in section 6(d) (1), that: “Every notice to a tenant to vacate or surrender possession of housing accommodations shall state the ground under this section upon which the landlord relies for removal or eviction of the tenant. ” In order to comply with this requirement, a notice must state all the elements necessary, under the regulation, to constitute a ground for removal of a tenant and if it omits any of these elements it is insufficient.
 
 (Lester
 
 v.
 
 Isaac, supra.)
 

 What, then, are the grounds referred to in the above quoted part of the regulation, and what constitute their elements?
 
 *Supp. 825
 
 They are, of course, to be found in section 6, from which the quotation is taken. This section begins in subsection (a) with the provision that, “So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, . . . unless”: . . . Then follow six numbered paragraphs, interconnected by the conjunction “or,” each of which sets forth a set of facts, conditions or events. The plaintiff here is undertaking to proceed under the sixth of these paragraphs, which reads as follows: “(6) The landlord owned, or acquired an enforceable right to buy or the right to possession of, the housing accommodations prior to the effective date of regulation (or prior to October 20, 1942, where the effective date of regulation is prior to that date, or prior to November 6, 1942, for housing accommodations within the Hastings Defense-Rental Area), and seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself. If a tenant has been removed or evicted under this paragraph (a) (6) from housing accommodations, the landlord shall file a written report on a form provided therefor before renting the accommodations or any part thereof during a period of six months after such removal or eviction.”
 

 The notice given by the plaintiff here stated sufficiently that he sought in good faith to recover possession of the housing accommodations for immediate use and occupancy as a dwelling for himself, but it entirely failed to state that he owned or acquired an enforceable right to buy or the right to the possession of the housing accommodations prior to the effective date of regulation (which in this defense-rental area was November 1, 1942). It is contended by defendant that such ownership or right to buy or possess is an essential part of the ground for removal provided by paragraph (a) (6), and that a notice failing to state the facts in that respect does not comply with the regulation and affords no foundation for a proceeding to remove the tenant. We think this contention must be sustained.
 

 The regulation obviously regards each of the numbered paragraphs of subsection (a) of section 6 as setting forth a ground or grounds for the removal of a tenant. Subsection (b), which immediately follows them, begins by stating, “No
 
 *Supp. 826
 
 tenant shall be removed or evicted on grounds other than those stated above unless” etc. Some of these paragraphs provide for more than one ground, and in such case only one of them need be stated in the notice, but paragraph (6) cannot be construed to state more than one ground. The provision regarding the landlord’s duty after the removal of the tenant cannot, of course, be a part of the ground for removing him, but both of the conditions stated in the remainder of the paragraph, that is, the time of acquisition of the landlord’s rights and his desire in good faith for self occupancy etc., must concur in order to entitle him to proceed under the paragraph, and both of them together constitute the ground for removal which must be stated in the notice. None of the other paragraphs of subsection (a) says anything about the time of acquisition of the landlord’s right or title, so that fact cannot be regarded as a common thread running through the whole pattern; it is something distinct and exclusive to paragraph (6), and we see no reason for holding that it is not to be regarded as a part of the ground of removal thereby provided.
 

 On the other hand, reason does appear for so regarding it. The notice given by the landlord is for the information both of the tenant and of the area rent office, to which by section 6(d) (1) a copy of it must be given within twenty-four hours after its service on the tenant. It is to be noted that section 6 (b) (1) and section 6 (b) (2) of the regulation provide a mode by which the landlord may remove his tenant if the landlord acquired his rights after the date fixed by section 6(a)(6),
 
 supra.
 
 In such a case, the landlord must obtain a certificate from the Administrator, authorizing him to proceed, and the paragraphs above cited set forth in detail the conditions under which such a certificate may be issued. The possession of such a certificate by the landlord is doubtless one of the “grounds” referred to in section 6(d)(1). Since, as held in
 
 Jones
 
 v.
 
 Shields
 
 (1944), 63 Cal.App.2dSupp. 846 [146 P.2d 735], such a certificate is conclusive in a proceeding to remove the tenant, the ground on which the landlord relies and which he must therefore state in the notice would seem to be in such a case merely the issuance to him of a proper certificate, and, possibly, that he acquired his right or title after the date fixed by the regulation; the existence of conditions necessary to
 
 *Supp. 827
 
 authorize its issuance need not be stated. The tenant on whom a notice is served must determine for himself whether it is well founded and should be obeyed, and the area rent office must likewise determine for itself whether the landlord is proceeding regularly and whether to appear in court, as it often does, and oppose him. Bach would be considerably hampered in making such determination, without a statement in the notice, of the time when the landlord’s rights had been acquired, so that they might know whether the landlord can proceed without a certificate.
 

 There is language in
 
 Bumgarner
 
 v.
 
 Orton
 
 (1944), 63 Cal.App.2dSupp. 841 [146 P.2d 67], and
 
 Lester
 
 v.
 
 Issac, supra,
 
 63 Cal.App.2dSupp. 851, which possibly suggests to hasty readers, but does not state, that the ground of removal under section 6(a)(6) of the regulation is merely the landlord’s desire in good faith to recover possession of the housing accommodations for his own use, etc., and that the date of acquisition of his right or title does not constitute a part of that ground, and it is argued here that the notice in the Bum-garner case (which is not set forth in the opinion) iá in fact no better than that now before us. But no such point as is now made was presented to us or considered in either of those cases, and we had no intent to decide it and did not decide it. A decision cannot be regarded as authority for a legal proposition which upon the facts of the case might have been, but in fact, was not raised or decided.
 

 The judgment is affirmed, respondent to recover her costs of appeal.
 

 Pox, J., and Kincaid, J. pro tern., concurred.