[Civ. No. 15199. Second Dist., Div. Three. Oct. 11, 1946.]

GWEN WAKELING BELL STAUDIGL, Respondent, v.
HELEN HARPER, Appellant.

Lasher B. Gallagher for Appellant.

F. Murray Keslar for Respondent.

WOOD, J.—Defendant appeals from the judgment entered in favor of plaintiff in this action in unlawful detainer.

The property here involved consists of a dwelling house and lot. In 1939 plaintiff and her former husband, Burgess Bell, purchased the lot and erected a house thereon which house they occupied until he died in 1940. Plaintiff was appointed administratrix of his estate and, upon her petition, the property here in question was distributed to her as community property on November 9, 1944.

On July 21, 1941, plaintiff and defendant entered into a written lease whereby plaintiff, in her individual capacity, leased the premises to defendant for a period of one year, commencing July 21, 1941, and ending July 20, 1942. The consideration was $3,000, $500 of which was paid prior to delivery of the premises for the first and last months' rent, and the balance was payable in advance monthly payments of $250. The lease provided that "if the Lessee shall hold over

the said term with the consent expressed or implied, of the lessor, such holding shall be construed to be a tenancy only from month to month, and said Lessee will pay the rent monthly in advance at the rate of $—— per month.'' It also provided that the lessor granted to lessee an option to purchase the property for $20,000, which option was to be exercised by the lessee ''on or before the expiration of this lease,'' and that none of the rents collected from the lease should be credited to the purchase price. An option agreement was attached to the lease which recited that, in consideration of $2,000 paid by defendant to plaintiff, the plaintiff granted defendant the exclusive right and option to purchase, ''at any time during this lease,'' the premises in question, but only upon written notice delivered or mailed to the optionor ''within the above time''; that the balance of the purchase price was $18,000; and that in the event defendant did not exercise the option ''in the time and manner above provided'' the payment of $2,000 should be retained by plaintiff and one-half of said amount was to be paid by plaintiff to the brokers who secured the option.

Defendant apparently went into possession of the premises immediately upon execution of the lease, and at the expiration date set forth in the lease, July 20, 1942, she had not exercised the option to purchase. However, she continued in possession, and on March 20, 1945, plaintiff caused a notice to quit the premises to be served upon defendant. Thereafter, on April 19, 1945, defendant mailed a letter to plaintiff in which she stated that she had bought the property, that the cash was available to pay the balance of the purchase price, and she was ready and willing to pay it. On April 24, 1945, plaintiff filed her complaint in unlawful detainer and defendant demurred thereto, stating that the complaint did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, and defendant filed an answer.

Appellant contends that the court erred in overruling her demurrer, and asserts (1) that there is no allegation in the complaint that plaintiff owned the premises prior to the effective date of the maximum rent regulation, as required by the regulations of the Office of Price Administration, and (2) that there is no allegation in the complaint that plaintiff seeks in good faith to recover possession of the premises for immediate use and occupancy as a dwelling for herself, as required by the regulations of the Office of Price Administration.

■ In order to state a cause of action in a proceeding of this nature, plaintiff must plead compliance with the applicable provisions of the O.P.A. Rent Regulation for Housing, issued pursuant to the Emergency Price Control Act of 1942. (*Lester* v. *Isaac*, 63 Cal.App.2d Supp. 851, 852 [146 P.2d 524].) The rent regulation (§ 6(a)6) under which plaintiff pursued her remedy, prohibited the eviction of a rent-paying tenant of housing accommodations except in certain cases, one of which is that the ''landlord owned, or acquired an enforceable right to·buy or the right to possession of, the housing accommodations prior to the effective date of this Maximum Rent Regulation [which in the Los Angeles Defense Rental Area was November 1, 1942], and· seeks in good faith to recover possession of such accommodations for immediate use and occupancy as a dwelling for himself. . . .''

■ The allegations of the complaint comply with the requirements of the regulation above referred to. As to the first part of appellant's contention, that there was no allegation plaintiff owned the premises prior to the effective date of the regulation,. it was stated in paragraph I of the complaint: ''That now and all times since November, 1939, plaintiff is and has been the owner of the real property [with description of the property here involved]. . . .'' It must be concluded, if the plaintiff has owned the property *at all times* since November, 1939, that she owned it prior to November 1, 1942. Furthermore, in paragraph IV of the complaint, wherein it was alleged that plaintiff had caused to be served upon defendant a notice terminating her tenancy, it was stated ''that said notice prescribed, as the ground for the proposed removal, that plaintiff owned said premises prior to November 1, 1942. . . .'' Referring to the second part of appellant's contention, that there was no allegation that plaintiff sought in good faith to recover possession of the premises for immediate use and occupancy as a dwelling for herself, it was stated in paragraph III of the complaint, ''That plaintiff now seeks in good faith to recover possession of said premises for the immediate purpose of using it for her own dwelling.'' That allegation stated all the elements necessary in that regard to constitute a ground for recovering possession, and the language used therein was substantially the same as that used in the regulation. That allegation again appears in paragraph IV wherein the contents of the notice to quit were pleaded. A copy of the notice was attached to the com-

plaint, and incorporated by reference. It appears, and there is no contention to the contrary, that the notice to quit complies with the regulation. ■ In order to state a cause of action in unlawful detainer it is necessary that the complaint show the service on the tenant of a notice sufficient to comply with that regulation. (*Wrenn* v. *Sutton,* 65 Cal.App.2d Supp. 823, 824 [150 P.2d 589].) It is also necessary, in addition to alleging service of such notice, to allege ownership or an enforceable right to buy or the right to possession prior to November 1, 1942, and good faith in seeking the recovery for occupancy, as required by the rent regulation. As above stated, the plaintiff sufficiently pleaded compliance therewith. Appellant cites the case of *Lester* v. *Isaac, supra,* to sustain her contention. It is to be noted, however, that the Lester case was decided upon different facts, and the law of that case sustains the conclusion reached here. In the Lester case, not only was the notice which plaintiff pleaded insufficient, in that it made no mention of plaintiff's acting in *good faith,* but the court stated that there was no allegation in the complaint "of any ground for the removal of the defendant under the said O. P. A. rent regulation."

■ Appellant also contends that the trial court erred in trying and deciding the action as one in unlawful detainer. The first argument in support of said contention is that the federal statutes, and rules and regulations of the O. P. A. prohibit the removal of any rent-paying tenant in an action in unlawful detainer. As shown by the foregoing discussion, and cases therein cited, unlawful detainer actions are not prohibited by federal law. (See, also, *Bumgarner* v. *Orton,* 63 Cal.App.2d Supp. 841 [146 P.2d 67]; *Jones* v. *Shields,* 63 Cal.App.2d Supp. 846 [146 P.2d 735]; *Bauer* v. *Neuzil,* 66 Cal.App.2d Supp. 1020 [152 P.2d 47]; *Yoncich* v. *Quinn,* 69 Cal.App.2d Supp. 810 [159 P.2d 708].)

Appellant further asserts, in support of said contention, that the conventional relationship of landlord and tenant was conclusively shown not to have existed for the reason (1) that plaintiff granted defendant an option to purchase the property, and (2) that the purported written lease was executed without an order of the court. ■ In order that an action in unlawful detainer may be maintained the conventional relation of landlord and tenant must be shown to exist. The conventional relation of landlord and tenant means the relation created by convention or agreement between the parties.

(*Francis* v. *West Virginia Oil Co.,* 174 Cal. 168 [162 P. 394].)
It is apparently appellant's theory that at the time the agreements were entered into she acquired an interest in the property by reason of paying a substantial cash consideration for the option to purchase, and therefore the relation of landlord and tenant was never created. ▇ An option is not a sale of property, but the sale of the right to purchase. (*Hicks* v. *Christeson,* 174 Cal. 712, 716 [164 P. 395].) It merely gives the optionee a right of election to purchase within a limited time in the future (*Howard* v. *D. W. Hobson Co.,* 38 Cal.App. 445, 455 [176 P. 715]), and vests no estate in the property. The amount of the consideration paid for an option does not have the effect of changing the nature of the transaction, nor does it impart any greater legal effect to the option. (*Ludy* v. *Zumwalt,* 85 Cal.App. 119, 131 [259 P. 52].) ▇ In support of appellant's argument that the lease was executed without an order of court, and therefore the option was exercised during the term of the lease, she asserts that without such an order plaintiff, as administratrix of her husband's estate, had authority to lease the premises upon a month to month tenancy only; that therefore appellant's tenancy under the lease was a month to month tenancy from the beginning; and that consequently the option was exercised during the term of the lease since the month to month tenancy had not terminated when she exercised the option. The written lease entered into between the parties to this action was for the term of one year. Section 844 of the Probate Code expressly provides that an administrator may "lease real property without an order of court . . . for a term not to exceed one year. . . . " Furthermore, plaintiff had a vested interest in the property at the time she entered into the agreements of lease and option. The deed by which the property was conveyed to plaintiff and her husband, recited that it was granted to "Burgess Bell and Gwen Wakeling Bell, husband and wife." The presumption is that property is community property when acquired by a husband and wife by an instrument in which they are described as "husband and wife." (Civ. Code, § 164.) ▇ It is immaterial, however, so far as this action is concerned whether plaintiff held a vested interest in one-half of the property as community or as a tenant in common. In either case she had a right to possession of the premises. Appellant went into possession of the premises under the lease, and it appears that both parties at that time and at all times during the

term of said lease treated it as a valid instrument and fully performed the conditions thereunder. At the expiration of that term, appellant held over with the consent of plaintiff. The lease, as above stated, provided that should lessee "hold over" after the term, such holding would be considered a month to month tenancy. The evidence shows that appellant continued in the undisturbed possession of the premises for a period of approximately four years, and that at all times she accepted and acknowledged plaintiff as her landlord.

A tenant is not permitted to deny the title of his landlord at the time of the commencement of the landlord-tenant relationship so long as he continues in possession under his lease. Appellant recognized the validity of the lease for the purpose of gaining possession of the premises, and she is estopped to deny the relation of landlord and tenant insofar as it related to their actions and rights at that time. (*San Juan G. Co.* v. *San Juan R. etc. Assn.*, 34 Cal.App.2d 159, 167 [93 P.2d 582].) Unlawful detainer is a summary proceeding designed to provide a speedy remedy to determine the right to the possession of real property, and plaintiff by proceeding in unlawful detainer did not put her title in issue. To further support her argument that this action should not be regarded as a summary proceeding involving only the right to possession of real property, appellant states in her brief that plaintiff could not have granted an indefeasible title to the premises at any time prior to the completion of administration of the estate of plaintiff's deceased husband, and she argues, in effect, that for that reason the option was extended. The question as to whether appellant's actions, subsequent to the period of one year specified in the option, constituted an exercise of the option is not before this court. However, it does not appear that appellant did any of the acts required, during the period of one year specified in the option, for the exercise thereof. An optionee is in no position to complain of an optionor's inability to make a conveyance in the absence of a tender of full performance on the part of the optionee. In the case of *Seeburg* v. *El Royale Corp.*, 54 Cal.App.2d 1 [128 P.2d 362], plaintiff paid defendant $5,000 for an option to purchase an apartment house then owned by defendant. During the term of the option, and as a result of an action brought by a third party against defendant, a temporary injunction was issued restraining defendant from selling or otherwise disposing of the apartment

house. After the expiration of the period of plaintiff's option, the injunction was dissolved and a judgment entered in favor of defendant. Plaintiff did none of the acts required by the terms of the option for an exercise thereof, although he was financially able, ready and willing to do so had it not been for the injunction. The plaintiff thereafter brought an action to rescind and recover the consideration paid, and the court held that, even though defendant was temporarily unable to convey, it was necessary that plaintiff first do the acts required under the option to entitle him to a conveyance before he could complain of defendant's inability to perform. The court therein said, at page 5, "[E]ven if plaintiff had, before the injunction suit, made a binding contract of purchase and sale, he could not now complain of defendant's inability to make a conveyance without tendering full performance on his part." In the case of *Bradford* v. *Sunset Land & W. Co.,* 30 Cal.App. 87 [157 P. 20], the defendant corporation had executed in favor of plaintiff an option to purchase which provided for payment of the price by installments but contained no agreement for plaintiff to make them. Plaintiff therein paid part of the installments, and then sued to recover the amount paid claiming the option was void because it had not been approved by two-thirds of the stockholders of defendant corporation, as required for a sale or conveyance of the property. Although noncompliance with the code section would have prevented defendant from making a valid conveyance, the court said, at page 90: "Until plaintiff performed or offered to perform the covenants imposed upon him as a precedent condition to the conveyance of the property by defendant, he was in no position to complain of the want of the action on the part of stockholders in giving assent to a sale and conveyance as to which, under the terms of the contract, he had lost all right. . . . [T]he contract . . . was a mere option to purchase, the exercise of which on the part of plaintiff, and paying or offering to pay the purchase price in the manner therein specified, was necessary in order to place him in a position where he could, in any event, complain of the failure of stockholders to signify assent." Defendant's answer states that she did not know until April 11, 1945, that plaintiff could not deliver title to the property at the time of executing the lease and option. It is to be noted that her knowledge of the alleged condition of the title was not acquired until after the notice to quit was served on March 20, 1945.

It would seem from such admission of defendant that the alleged condition of plaintiff's title was not the cause of defendant's failure to exercise the option within the one-year period.

 Appellant further contends that the court erred in failing to make findings with reference to allegations of the affirmative defense pleaded by her answer. In this regard she asserts that the trial court made no finding on the issue whether plaintiff was the owner of the property prior to November 2, 1942. The court did not find in direct language that the plaintiff was the owner of the property prior to November 2, 1942, but it found that "at all times since May 12, 1940, plaintiff has been the owner of the said real property . . . ," which finding shows that she was the owner prior to November 2, 1942. If the truth or falsity of each material allegation can be demonstrated from the findings, the law is complied with. (*Harris* v. *Mount Washington* Co., 55 Cal.App. 144, 147 [202 P. 903].) It was not necessary in this case to make a finding of such ownership, since the court found, as hereinafter shown, that plaintiff had the right to possession prior to said time.

Appellant also asserts that she was entitled to a finding with reference to her allegation that she was induced to enter into the lease and option by the false and fraudulent representations of plaintiff that she (plaintiff) was the owner of the property, and "was then, and would at all times covered by the terms of said Agreement be able to furnish and deliver to defendant the good and sufficient title to said premises." As above shown, the court found that plaintiff was the owner of the property at all times since May 12, 1940. The court further found that plaintiff leased the property to defendant about the 21st day of July, 1941. It must be concluded from said findings that plaintiff was the owner of the property at the time the lease was entered into. It follows that, had a finding been made as to the allegation that plaintiff fraudlently represented she was the owner it would have been adverse to defendant. A party may not complain of a failure to find upon an issue where a finding, if made, must necessarily have been adverse to him. (24 Cal.Jur. 942-49.) The findings were sufficient to support the judgment. Furthermore, no evidence was introduced, and no offer of proof was made, of any fraudulent representations of title by plaintiff. Plaintiff (respondent) and appellant both testified that the

first time they met was after the lease and option had been signed by them. There was no evidence introduced of any misrepresentations on the part of the agents whose efforts resulted in the execution of the lease and option. ■ To warrant a reversal of a judgment for a failure to find upon an issue, it must be shown by the record on appeal that evidence sufficient to support a finding for appellant in relation to such issue was introduced. (24 Cal.Jur. 947.) ■ Unless there is evidence in the record sufficient to sustain a finding in favor of a complaining party, and such finding would, if made, countervail or destroy the effect of other findings, no error can be predicated upon the failure of the trial court to make the finding. (*Nicolds* v. *Storch*, 67 Cal.App.2d 8, 19 [153 P.2d 561].)

■ A further contention of appellant is that the court erred in refusing to permit defendant to file a cross-complaint and to amend her answer to conform to proof. As above stated, this is a summary action in unlawful detainer. A cross-complaint may not properly be filed in such an action. (*Lakeside Park Assn.* v. *Keithly*, 43 Cal.App.2d 418, 422 [110 P.2d 1055].) The amendment which appellant proposed to make in her answer would, in effect, have alleged that appellant had exercised the option. It does not appear that there was proof with which the proposed amended answer would conform. If appellant claims any right against plaintiff under the option it is a matter to be determined in another action. It appears by the answer herein that appellant has an action for damages pending against plaintiff which action is based upon the transaction herein.

■ Appellant also contends that the evidence is insufficient to support the findings and judgment. She asserts that there is no evidence to support the findings (1) that the plaintiff owned the property prior to November 1, 1942, and (2) that plaintiff had been the owner at all times since May 12, 1940. This is a possessory action, and it was not necessary in this case to make a finding of ownership, even under the O. P. A. rent regulation here involved. A finding that plaintiff had the right to possession prior to November 1, 1942, would have satisfied the requirement of that regulation. ■ Although, under the circumstances of this case, it was not necessary to make findings of ownership, such findings were not prejudicial. The finding stated that ''plaintiff owned *or*

*acquired an enforceable right to possession* of the real property . . . prior to November 1, 1942; that it is true that at all times since May 12, 1940 plaintiff has been the owner of the said real property. . . ." (Italics added.) As to the first part of that finding, namely, that plaintiff had an enforceable right to possession, there was evidence to support it. As to the second part of that finding, that plaintiff had been the owner at all times since May 12, 1940, there was proof that plaintiff held a vested interest in one-half of the property since 1939. The evidence showed that it was community property, and that plaintiff's husband died intestate. Although the probate court did not distribute the husband's interest in the community property to plaintiff until November 9, 1944, the plaintiff, immediately upon the husband's death, became the owner of the property subject to the administration proceedings in his estate. As above indicated, the option was valid even though plaintiff did not have full title to the property. If appellant had exercised the option within a year from the date of the lease, the plaintiff might have obtained full title soon thereafter by closing the administration proceedings, or she might have obtained confirmation of the sale by the court.

 Appellant also asserts that there is no evidence to support the finding that, "it is true that on or about the 21st day of July, 1941 plaintiff rented the said premises to defendant by a written lease for a period of One year, to-wit, from July 21, 1941 to July 20, 1942, at a total rental of Three Thousand ($3000.00) Dollars, payable Two Hundred Fifty ($250.00) Dollars per month." The evidence supports said finding. The lease, which was introduced in evidence as plaintiff's exhibit 1, was dated July 21, 1941, and it expressly stated that the lessor "does hereby lease" the property to the lessee "for the term commencing on the day of July 21st, 1941, and ending on the day of July 20th, 1942, for the total rent or sum of Three Thousand ($3000.00) Dollars," payable monthly in advance in "equal monthly payments of Two Hundred Fifty ($250.00) Dollars." Appellant argues that the plaintiff was prohibited by law from renting the premises for a period of one year at a rental in excess of $100 per month without an order of court. Whether plaintiff proceeded according to the provisions of the Probate Code in the administration of her husband's estate is not before this court, and neither is the question of whether she should have accounted to her husband's estate to the extent of one-half of the rents collected.

Appellant urges that the renewal of the tenancy upon a month to month basis, carried with it the right to exercise the option at any time before the plaintiff gave defendant notice to quit. Defendant attempted to exercise the option after she had been served with the notice to quit, and about 2¾ years after the expiration of the one year specified in the option. As stated above, if appellant has any claim against plaintiff under the option it is a matter to be determined in another action. Appellant cites the case of *Spaulding* v. *Yovino-Young,* ▌(Cal.App.) 171 P.2d 82. A hearing has been granted by the Supreme Court in that case; however, it should be noted that said case is distinguishable from the present one. That action was for specific performance of an option to purchase contained in a written lease of residence property. The lease was for the period commencing March 7, 1941, and ending March 6, 1943, for a total rental of $840, payable in monthly installments of $35 per month. The lease provided that should the lessees hold over the term therein created, the tenancy should be from month to month only ''and be on the same terms and conditions as herein stated.'' The option, contained therein, stated the conditions upon which it was to be exercised but stated no limitation upon the time within which it must be exercised. The 2-year period set forth in the lease expired March 6, 1943, but the lessees continued in possession of the property, and continued to pay rent. On October 7, 1943, they made known their election to exercise the option, and tendered payment which was refused by the lessor. The court stated that, although the lease agreement was ambiguous and uncertain, there was no extrinsic evidence before the trial court bearing on the intention of the parties as to the question of carrying over of the option into the month to month tenancy. In construing the language of the agreement, the court held that, there being no precise time fixed within which the option must be exercised, the right to exercise it was one of the ''terms and conditions of the lease,'' and, therefore, since the lease provided that the month to month tenancy should be on the ''same terms and conditions'' as those stated in the lease, the right to exercise the option continued over into the month to month tenancy. In the present case, the lease provided that the term of one year ended on July 20, 1942, that the option must be exercised on

or before the expiration of the lease, and that if the lessee should hold over, the tenancy would be from month to month and the lessee would "pay the rent monthly in advance." There was no provision that the month to month tenancy would be on the same terms as the lease, and the time was limited within which the option might be exercised.

Appellant's assertion that there is no evidence to support the finding that plaintiff acquired an enforceable right to possession of the property prior to November 1, 1942, cannot be sustained. The foregoing discussion shows that she acquired an enforceable right to possession in 1939.

By reason of the foregoing, it is unnecssary to discuss the other contention of appellant that the court erred in refusing her offer to prove that plaintiff had not filed a federal income tax return.

The judgment is affirmed.

Desmond, P. J., and Shinn, J., concurred.