# CALLISTER v. SPENCER.

No. 7117.  Decided July 7, 1948.  (196 P. 2d 714.)

See 51 C. J. S., Landlord and Tenant, sec. 114.  Requisites and sufficiency of notice to quit as condition of summary proceeding to evict tenant, see note, 169 A. L. R. 913.  See, also, 32 Am. Jur. 836.

Opinion and order amended and rehearing denied Aug. 23, 1948.

*Richards & Bird,* of Salt Lake City, for appellant.

*Callister, Callister & Lewis* and *Allen Ruckenbrod & Snow,* all of Salt Lake City, for respondent.

WADE, Justice.

A. Cyril Callister brought an action for unlawful detainer and from a judgment in his favor, Rex I. Spencer appeals. The appeal is brought here in the judgment roll and a stipulated bill of exceptions.

The complaint alleged among other averments that the plaintiff, who is the respondent herein, is the owner of the premises sought to be repossessed and that appellant herein occupied said premises as a tenant on a month to month basis; that the premises consists of a large single family dwelling house located in a residential zoning district and was rented to appellant for the sole purpose and use of a single family dwelling house; that defendant has been conducting a commercial business on the premises, namely the renting of rooms for profit, and that such use was harmful to the premises; that appellant also violated the terms of tenancy by conducting during the month of December the business of selling Christmas trees, which business was detrimental to the premises; that a notice was served on appellant advising him that he was violating substantial obligations of his tenancy in that he was renting rooms for profit and was selling Christmas trees and in the event he failed to discontinue those practices, his month to month tenancy would terminate. The notice further stated that it was based on Sec. 6(a) 3 of the Office of Price Administration's rent regulations for housing and that a copy

of said notice was given to the Salt Lake Area Rent Office of the Office of Price Administration within twenty-four hours after service upon appellant. (Hereafter in this opinion, we shall refer to the Office of Price Administration as the OPA.)

A demurrer was filed to this complaint which was overruled by the court whereupon an answer was filed denying that the tenancy was on a month to month basis and alleging that the tenancy was on a yearly basis on a written lease and that the dwelling was rented for the express purpose of using as a rooming house which plaintiff well knew. Plaintiff replied to this answer by denying that defendant had a written lease which was in force and effect and denying that the premises were rented for the express purpose of being used as a rooming house. On these pleadings, at the commencement of the trial, defendant, appellant herein, moved for a judgment on the pleadings on the ground that the "notice to quit" which had been served was not in the alternative; that is, that the violation must cease or the tenancy be vacated as required by Sec. 6(a) 3 of the OPA regulation and by Sec. 104-60-3(5), U. C. A. 1943. The court refused to grant this motion, and this is assigned as one of the errors.

The notice served reads as follows:

"You are hereby notified that you are violating substantial obligations of your tenancy at 559 East South Temple, Salt Lake City, Utah, in the following particulars:

"1. In that you are conducting on the premises a commercial business, to wit, the renting of rooms for profit; and,

"2. In that you are conducting on said premises the business of selling Christmas trees;

"3. That the aforementioned violations are detrimental to the premises and are causing more than ordinary wear and tear on the premises, and in particular, are causing damage to the yard of said premises.

"You are notified that each of the foregoing practices constitutes a violation of a substantial obligation of your tenancy, and that you must discontinue all of said practices.

"You are further notified that in the event of your failure to discontinue said practices your monthly tenancy of said premises will

cease on the 31st day of January, 1947, and that in the event of your failure to so discontinue the practices and surrender possession on or before the above mentioned date, the undersigned will commence an action against you for the restitution of said premises together with treble damages.

"This notice is based upon Sec. 6(a) 3, of the Office of Price Administration's rent regulations for housing.

"Dated this 10th day of December, 1946."

This notice plainly told appellant that he must desist from the objectionable practices by a certain date and that if on or before that date he failed to desist from such practices and had not surrendered the premises an action would be commenced for the restitution of those premises. He was not told that he must desist from the practices and surrender the premises by a certain date. He was told that he must desist from the practices by a certain date and it was implicit in this direction that if he did desist he could remain in the premises, but if he did not desist, he must surrender the possession of the premises on or before that date in order to avoid a suit for restitution. A notice need not state in so many words that you must do a certain thing or do something else, if you wish to avoid certain consequences, if it is plain without the use of the word "or" that such is the meaning and intent of the notice. The court therefore did not err in refusing to grant the motion for judgment on the pleadings.

The appellant next argues that the court erred in refusing to require proof that the action was within the housing regulations and in failing to make proposed findings of fact and conclusions of law on the issues of compliance with the Housing regulation of the OPA.

The attorneys for both parties stipulated that the following statement should comprise the bill of exceptions:

"In support of defendant's motion for judgment on the pleadings made at the commencement of the trial, defendant's counsel read from, and the court took judicial notice of, document entitled, 'Housing with Schedule A. incl. amdts., 1-104, Oct. 15, 1946, document No. 58272 of the Office of Price Administration' said document being the

regulation for housing of the Office of Price Administration in effect on the date of the trial, market Exhibit A, attached hereto and by this reference made a part hereof.

"At the trial the defendant asked the court to take judicial notice of said exhibit A, which the court did, but ruled it immaterial and irrelevant to the controversy before the court, and refused to hear offered testimony relating to compliance with, or failure to comply with the requirements of said exhibit A."

It is not clear from the record just what the nature and scope of the proffered evidence was. The stipulation above quoted is somewhat indefinite on that point. There are also some statements of the court which we are not sure are properly before us, and the fact that no findings of fact were made on certain issues which were made by the pleadings. These questions should have been fully developed in the record so the nature of the error complained of would fully appear.

The complaint alleged among other things that defendant had violated substantial obligations of his rental agreement. Such an allegation is not necessary in an unlawful detainer action in our state, since on a month to month tenancy the owner can recover the property ■ on a 15 day notice. Thus the only purpose for this pleading was to show compliance with the housing regulations of the OPA. Plaintiff further alleged compliance with the enforcement regulations and orders of that department. These allegations were denied and issues thereon were thus framed. The trial judge apparently concluded that these issues were immaterial and that plaintiff only needed to rely on his notice to vacate, and his allegation of a month to month tenancy, and refused to hear testimony on the other issues.

When plaintiff offered evidence to prove the necessary facts to establish his right to evict under the OPA regulations and orders, the trial court refused to hear any testimony on those subjects. He apparently also refused to hear or receive any evidence tendered by the defendant tending to show that there had not been a substantial violation

of the covenants and agreement to rent and that the OPA procedural regulations had not been complied with by the plaintiff. The findings of fact are silent on these issues and while the record is not before us as to what was offered and refused the stipulation shows that the court refused to consider anything on these questions that might have been introduced. If these regulations are valid and controlling in this court, then we will have to reverse the decision even though both parties were ready to try the case on those issues and tendered their evidence thereon. As a result of this ruling both parties have been put to great loss of time and expense.

Section 6(a) (3) of the OPA regulation provides:

"Sec. 6. Removal of tenant—(a) Restrictions on removal of tenant. So long as the tenant continues to pay the rent to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession, by exclusion from possession, or otherwise, nor shall any person attempt such removal or exclusion from possession, notwithstanding that such tenant has no lease or that his lease or other rental agreement has expired or otherwise terminated, and regardless of any contract, lease, agreement or obligation heretofore or hereafter entered into which provides for entry of judgment upon the tenant's confession for breach of the covenants thereof or which otherwise provides contrary hereto, unless:

"(3) Violating obligation of tenancy or committing nuisance. The tenant (i) has violated a substantial obligation of his tenancy, other than an obligation to pay rent, and has continued, or failed to cure, such violation after written notice by the landlord that the violation cease * * *"

It is conceded that the Price Control Act 50 U. S. C. A. Appendix, § 901 et seq., is constitutional but it is argued that the rental regulation is invalid if it attempts to prevent an eviction for any purpose other than to prevent trafficking in rents, and since defendant did not plead or prove that the eviction was for the purpose of effectuating an increase in rent, the regulation did not affect the owner's right to pursue an action under the state laws.

The validity of any regulation under authority of the Price Control Act can only be determined by The Emergency Court of Appeals and the Supreme Court of the United States on the review provided by Sec. 204 of the Price Control Act. *Yakus* v. *United States,* █ 321 U. S. 414, 64 S. Ct. 660, 88 L. Ed. 834; *Bowles* v. *Willingham,* 321 U. S. 503, 64 S. Ct. 641, 88 L. Ed. 892. When Congress enacted the Price Control Act it became the law of the land and our courts became bound thereby. Any regulation under the law became controlling and modified any state remedies to the extent to which such remedy was in conflict with the Act. See *Ritchie* v. *Johnson,* 158 Kan. 103, 144 P. 2d 925, 935, page 935, wherein the Supreme Court of Kansas, in holding that compliance with OPA rental regulations must be pleaded by the plaintiff in an eviction action said: "Under Article VI thereof, the Constitution and the laws of the United States made in pursuance thereof are the supreme law of the land, and judges in every state are bound thereby, anything in the laws of the state to the contrary notwithstanding. The Act and the regulations pertaining to rentals and to removal of tenants by actions to evict or recover possession are controlling here."

See also *Lester* v. *Isaac,* 63 Cal. App. 2d Supp. 851, 146 P. 2d 524, and *Staudigl* v. *Harper,* 76 Cal. App. 2d 439, 173 P. 2d 343.

It follows from what we have said that the plaintiff in this case having pleaded compliance with the Housing Regulations of the OPA and the defendant having denied such compliance, this question became a material █ issue which had to be determined and the court therefore erred in failing to require proof of such compliance and in failing to make findings of fact on that issue.

Reversed and remanded with instructions to proceed in accordance with this opinion. Each party to bear his own costs.

McDONOUGH, C. J., and PRATT, WOLFE and LATIMER, JJ.