JOHN ALFRED BEYER, Petitioner, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for the County of Washoe, Department No. 2 Thereof, Respondent.

No. 3611

July 19, 1950.

221 P.2d 1024.

*Sidney Fox,* of Reno, for Petitioner.

*Sidney W. Robinson,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

This is an original proceeding in certiorari.

Upon the verified petition of John Alfred Beyer this court issued an alternative writ directed to the Second judicial district court of the State of Nevada, in and for the county of Washoe, Department 2 thereof, commanding it to certify to this court a transcript of the record and proceedings in the action in said court entitled John Alfred Beyer, appellant, v. Bert Ravera, respondent, being an appeal from a judgment in the justice court of Reno Township, Washoe County, Nevada, which judgment ordered restitution to Ravera of certain premises designated as No. 2101 South Virginia Street in said township, and also for the sum of $180, plus costs and an attorney fee of $25 in favor of Ravera. The $180 was for rental of the premises for May, June, July and August, 1949 at the agreed rental of $45 per month.

The transcript certified to this court as the return on the writ of certiorari, indicates that in the justice court Beyer had demurred to the complaint in unlawful detainer upon the ground, among others, that the complaint failed to state sufficient facts and that the court was without jurisdiction, and that upon the overruling of such demurrer Beyer refused to plead further and permitted judgment to be entered against him by default. Although the district court properly held that the appeal was pending in that court upon questions of law alone[1]

---

[1]The record certified to this court indicates that on August 10, 1949 Beyer served and filed in the justice court a notice of appeal "from the judgment of the above entitled court entered August 3, 1949 overruling said defendant's demurrer * * * [and] is taken from the whole of said judgment and is taken on the questions of law raised by said demurrer"; and that on August 29, 1949 he filed a further notice of appeal "from the whole of that certain judgment entered in the above entitled case and filed on the 20th day of August, 1949," reciting that such appeal "is taken on questions of law and of fact." On motion of Ravera, showing that no issue of fact had been tried in the justice court, the district court dismissed the "appeal on question of fact."

and although in the district court Beyer again stood upon his demurrer and, upon its being overruled, again refused to answer over, the district court permitted Ravera to introduce additional evidence and rendered judgment against Beyer for $495 (which apparently included additional accruing rentals to date), plus costs and an attorney fee of $50.

■ On this proceeding in certiorari our inquiry is limited to the question as to whether the action of the district court was without jurisdiction or in excess of its jurisdiction. Section 9231, N.C.L.1929. Degiovanni v. Public Service Commission, 45 Nev. 74, 197 P. 582, and cases therein cited.

At the oral argument on this application for certiorari counsel for respondent made a preliminary statement conceding that the judgment was in excess of the $300 limitation upon the jurisdiction of the justice court. After further questioning, counsel further conceded that as the appeal was taken on questions of law alone, the district court was likewise precluded from taking further evidence to increase the amount of the $180 justice court judgment, plus costs and attorney fees, and that he could not conscientiously oppose the remand of the case to the district court, annulling the judgment as rendered and directing the entry of a judgment for restitution of the premises, and for the sum of only $180, plus costs and plus the $50 attorney fee, which attorney fee is specifically authorized by sec. 9361, N.C.L. Respondent having thus conceded that the district court judgment was, as to the particulars mentioned, in excess of its jurisdiction, which concession is patently proper, Martin v. District Court, 13 Nev. 85, further discussion of this point is unnecessary.

Petitioner however insists that the justice court had no jurisdiction of the action and that the district court consequently had no jurisdiction of the appeal—its jurisdiction being purely derivative. State v. Breen, 41 Nev. 516, 173 P. 555; that this lack of jurisdiction of the justice court results from the failure of the complaint

to state sufficient facts to constitute a cause of action in unlawful detainer in that (1) it did not set out in *haec verba* the notice to quit and (2) because it did not recite compliance with the requirements of the federal housing expediter or the controlled housing rent regulations promulgated by him, 8 Federal Register 7323 et seq., pursuant to the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A.Appendix, sec. 901 et seq.

■■ Petitioner cites the following authorities as definitely establishing the rule that a complaint filed under unlawful detainer statutes, which fails to state facts showing compliance with the Federal Rent Control Act, fails to state a cause of action in unlawful detainer: Bauer v. Neuzil, 66 Cal.App.2d Supp. 1020, 152 P.2d 47; Lester v. Isaac, 63 Cal.App.2d Supp. 851, 146 P.2d 524; Wrenn v. Sutton, 65 Cal.App.2d Supp. 823, 150 P.2d 589; Staudigal v. Harper, 76 Cal.App.2d 439, 173 P.2d 343; Bumgarner v. Orton, 63 Cal.App.2d Supp. 841, 146 P.2d 67. These cases do so hold, and other authorities are to the same effect. We may note in passing that these cases all have reference to attempted terminations of tenancies of rent paying tenants and do not prevent the removal of a tenant for his failure to pay the rent. Sec. 6 (a) of the Rent Regulations for Housing, 8 Fed.Register 7326, entitled "Restrictions on Removal of Tenant," has the introductory provision: *"So long as the tenant continues to pay the rent* to which the landlord is entitled, no tenant shall be removed from any housing accommodations, by action to evict or to recover possession * * *, unless:" There are then recited six numbered paragraphs under sec. 6 (a) reciting conditions under which the restriction does not apply. Under sec. 6 (b) : (1) "No tenant shall be removed or evicted on grounds other than those stated above unless, on petition of the landlord, the Administrator certifies that the landlord may pursue his remedies in accordance with the requirements of the local law. The Administrator shall so certify if the landlord establishes that removals or evictions of the character proposed are not inconsistent with

the purposes of the Act or this regulation and would not be likely to result in the circumvention or evasion thereof." 8 Fed.Register 7327. Under sec. 6(d) notice to a tenant to vacate on the ground of nonpayment of rent is not required where the administrator has issued the certificate under the provisions of paragraph (b). We find in the transcript a "Disclaimer" filed by the area rent director of the office of housing expediter, Reno office of rent control, which appears to correspond in all respects with the certificate above described,[2] and which was *filed* in the respondent district court in this case October 6, 1949. There is no indication that it was *introduced in evidence* in the trial of the case, and the right of the court to consider it does not seem to be attacked other than under the general charge of the court's lack of jurisdiction.[3] As stated above, we note these things simply in passing. The regulations from which we have quoted are but a few of the rent control regulations appearing in the volume of the Federal Register comprising some 9,000 pages, obtained of necessity from outside the state as no such volume was available in any library or in the possession of any federal official in the State of Nevada. The act itself and the arrangement of the paragraphs and subparagraphs of the regulations, with their exceptions, limitations, conditions and cross-references, are typical of the governmental literary style of the time. Happily, our determination of the question presented by this petition

[2]This certificate was conclusive upon the parties in unlawful detainer. Once issued, it removes the prohibition laid on the eviction of a tenant by the regulations, and the landlord, freed from the restraint, may proceed to evict the tenant, on compliance with state law. Yoncich v. Quinn, 69 Cal.App.2d Supp. 810, 159 P.2d 708.

[3]In Bumgarner v. Orton, 63 Cal.App.2d Supp. 841, 146 P.2d 67, 69, the complaint failed to allege when plaintiff acquired the property or that she had a certificate from the administrator for the eviction of the defendants. Although, under the California authorities, these allegations were necessary in order to state a cause of action, the court said: "This defect in the complaint would not be fatal to the judgment, were it otherwise correct, because plaintiff testified without objection that she owned the property prior to November 1, 1942, and the court made an express finding to that effect. It thus

does not compel us to thread this labyrinth in search of an exit.

■ The mere fact that the judgment was entered by the justice of the peace by default does not of course affect its validity, for such judgment admits as true all the material allegations properly set forth in the complaint and is just as binding and conclusive as to them as though it had been rendered after answer and trial. This is elementary.

The primary purpose of the complaint in the justice court was to obtain restitution of the premises and for the accrued rental with costs and attorney fees. The complaint was drawn with much greater formality and care than are ordinarily employed in justice court pleadings. It alleged a verbal lease agreement entered into May 15, 1940, whereby Ravera leased the premises to Beyer for an indefinite period of time with a monthly rental reserved in the sum of $45 per month, payable on the first day of the month in advance; that the defendant went into possession thereunder and continues to hold and occupy the premises; that the term has terminated but the defendant continues to hold over; that he was notified in writing on March 16, 1949 of termination of the tenancy May 31, 1949—a notice of two and one-half months; that the value of the rent is $45 a month and that the rent for May, 1949, due and payable on or before May 1, 1949, was at the time of the filing of the complaint on June 16, 1949, unpaid.

■ Let us concede, for the sake of argument, that petitioner is correct in asserting that the complaint fails to state a cause of action by reason of its failure to allege compliance with the federal requirements, and

appears that the issue was litigated and determined by the court without objection, as though the complaint sufficiently stated a cause of action." We do not overlook the fact that in the present case petitioner insisted throughout that the complaint did not state a cause of action, but we cite the foregoing to illustrate the distinction, hereinafter discussed, between a failure to state the performance of a condition precedent essential to a cause of action, and a failure to state sufficient facts to show that the court has jurisdiction.

that the overruling of the demurrer by the justice of the peace and also the overruling of the demurrer by the district court were error. It still does not follow that those courts were without jurisdiction or that either was without jurisdiction. Jurisdiction in such cases is conferred by statute upon justices' courts. The justice court had jurisdiction of the parties and the subject matter. The allegations of the complaint as outlined above thus challenged the attention of the court and presented such a case as to authorize the court to deliberate and act—a sufficient situation for the purpose of conferring jurisdiction. Redlands High School District v. Superior Court, 20 Cal.2d 348, 125 P.2d 490, 496; 21 C.J.S., Courts, sec. 33, note 87, p. 42; 14 Am.Jur. 364, Courts, secs. 161 and 162, nn. 5 and 6.

In the Redlands case judgment had been rendered against a school district in a justice court for damages for personal injuries, and this judgment was affirmed by the superior court on appeal. As in unlawful detainer cases, the right of action was statutory (Farnow v. Department 1 of Eighth Judicial District Court, 64 Nev. 109, 178 P.2d 371), and the liability of the school district "(that is, the waiver of sovereign immunity)" was made dependent upon the filing of a claim within ninety days. The Supreme Court of California, in a unanimous opinion written by the eminent Chief Justice Gibson (Mr. Justice Carter disagreeing as to another point in the case), said: "That requirement, however, is one which goes to the elements of the plaintiff's right to recover rather than to the power of the court. Judgment in favor of the plaintiff in the absence of such a claim is a grievous error of law and a violation of statute. But not every violation of a statute constitutes excess of jurisdiction on the part of a court. The doctrine relied upon by petitioners applies only where the clear purpose of the statute is to restrict or limit the power of the court to act and where the effective enforcement of such restrictions requires the use of the extraordinary writs of certiorari or prohibition. Where, as

here, the statute does not restrict the power of the court but merely sets up a condition precedent to the establishment of the plaintiff's cause of action, we think the violation of the statutory provision constitutes an error of law rather than excess of jurisdiction."

The petitioner here does not contend any further than that compliance with the federal regulations was a condition precedent to the right of action and that the failure to allege compliance resulted in failure to state a cause of action. His error is in assuming that a failure to state a cause of action, under such circumstances, necessarily deprives the court of jurisdiction to act. We thus find it unnecessary to discuss the many cases cited having to do with sufficiency of allegations to state a cause of action but not necessarily touching the question of jurisdiction.

Petitioner contends that certiorari will lie in the premises under the authority of Martin v. District Court, 13 Nev. 91; Paul v. Armstrong, 1 Nev. 82, 96; State v. Pacific Wall Paper & Paint Co., 41 Nev. 501, 172 P. 380; and other cases cited. Other than possibly applying to that part of the district court's judgment, which part we have above concluded must be annulled, we do not find these cases in point.

Petitioner also contends that under the ruling of this court in Roberts v. Second Judicial District Court, 43 Nev. 332, 185 P. 1067, 1070, the complaint as filed in the justice court failed to state a cause of action. The notice to quit in that case was held to be fatally defective because it was not positive and unconditional and because the tenant "may have reasonably believed therefrom" that the landlord objected only to the manner of the occupancy as a billiard and pool parlor. A writ of mandamus was there issued to compel the district court to assume jurisdiction of an appeal from the judgment of the justice court because the district court had erroneously attempted to divest itself of jurisdiction. As to its applicability to the present case, it is clearly

distinguished by the fact that there the notice to quit was not positive and unconditional. Here it was.

■ But petitioner further insists that under the wording of the opinion in the Roberts case the notice to quit "must be stated in full in the complaint," drawing this conclusion from the following language used by the court: "The notice to quit, being a part of the statutory definition of the offense, necessarily enters into the gist of the action, and must be made to appear by express averment in the complaint." The rule thus quoted is undoubtedly correct, but that it requires the notice to be stated in full does not follow. Petitioner cites no cases so holding, nor does either of the two California cases, cited by the court in the Roberts case as authority for the rule, hold that the notice to quit must be "stated in full" in the complaint.

Annulment of the judgment is also sought on the ground "that said complaint fails to state a cause of action in unlawful detainer [in] that it appears from the complaint that the notice allegedly served upon petitioner does not state a date certain for termination of tenancy; that it appears *from said notice* [emphasis supplied] that the same was not served pursuant to said unlawful detainer act of the State of Nevada." Though perhaps not essential to our decision in this case, we desire to point out the following. The petition for certiorari herein alleges under oath:

"That on the 16th day of March, 1949, *said Bert Ravera, served upon Petitioner* a notice, as follows, to-wit:

"To: John Alfred Beyer, Tenant in Possession of those certain premises known as 2101 South Virginia Street, Reno, Nevada.

"You are hereby notified that your tenancy upon the above described premises is and the same is hereby declared to be terminated as of midnight, the 31st day of May, 1949. Demand is hereby made upon you for the delivery of the possession of said premises to the

undersigned owner thereof on or before midnight, the 31st day of May, 1949.

"You are hereby notified in this connection that the undersigned owner of said premises desires occupancy of the same for the immediate use of himself and his family.

"You are further advised that this notice is being given to you in accordance with the terms and provisions of the House and Rent Act of 1948, being Chapter 161 in Public Law 464 [50 U.S.C.A.Appendix, § 1881 et seq.].

"For your failure to comply with the terms and provisions of this notice, an action in unlawful detainer will be forthwith instituted as against you to recover the possession of said premises plus any damages which the undersigned may sustain by reason of your unlawful detention of the same, including court costs and attorneys' fees.

"Dated: March 16, 1949.

"Bert Ravera"

The allegation in the complaint with reference to such notice is as follows:

"That plaintiff, more than fifteen (15) days prior to the end of said monthly term, to-wit, on the 16th day of March, 1949, notified defendant in writing that plaintiff was terminating the aforesaid tenancy upon the aforedescribed premises on the 31st day of May, 1949, and made demand in writing of the said defendant to deliver up and surrender to plaintiff the possession of said premises on or before the 31st day of May, 1949."

The complaint further alleged the lapse of more than fifteen days since the making of the demand (as a matter of fact about two and a half months elapsed as shown from other allegations of the complaint), the neglect and refusal of the plaintiff to quit possession, the termination of the term and the continuous holding over and continuous possession of the premises by the defendant without the permission of plaintiff and contrary to the terms of the agreement.

■ Petitioner's contention that the notice does not state a day certain for termination of the tenancy is without merit. See the first paragraph of the notice quoted above. The last ground quoted is too general to be of much assistance, as it is not explained in what respect it appears from the notice itself that the same was not served pursuant to the unlawful detainer act. It is dated March 16, 1949, terminates the tenancy May 31, 1949, the tenancy was concededly a tenancy from month to month, and the notice is alleged by the petitioner himself to have been served upon him by the landlord on March 16, 1949. In the foregoing discussion of the sufficiency of the complaint to state a cause of action we do not recede from the position first taken, namely, that the failure to state a cause of action would not necessarily result in a conclusion that the court was without jurisdiction.

■ Petitioner further insists that the district court exceeded its jurisdiction "in entering a judgment on the appeal allowing appellant to answer, and upon failure to answer, in entering judgment for restitution * * * that if the court did not have the authority to allow appellant to answer, it did not have the power to enter judgment for appellant's failure to answer," and that the proper procedure was for the district court "to remand the case to the justice court, sustaining the justice court decision as to the demurrer, with direction to allow appellant to answer if he saw fit." We are not sure that we correctly follow petitioner's thought. The record shows that the justice court overruled the defendant's demurrer and gave him an opportunity to answer, which he refused to take. Thereafter the justice court rendered judgment by default, and the defendant appealed to the district court. Here again, he presented his demurrer, which was again overruled. Despite the fact that the appeal was upon a question of law alone and that there was no issue of fact to be tried, it is difficult to see how the defendant was in any way injured or aggrieved by having been given an opportunity to

answer. The contention that the district court should, after having *overruled* the demurrer, have remanded the case to the justice court where he might again be given the opportunity, which he had theretofore rejected, to answer the complaint, is unsupported either by reason or authority. Petitioner cites no case in support of his contention.

■ Respondent, in its brief, contends that in his appeal from the justice court to the district court the petitioner did not comply with the statutory requirement for the filing of a statement of the case and that we should accordingly remand this case to the district court with instructions to dismiss the appeal for want of the district court's jurisdiction of the appeal. We cannot consider an application of this kind, addressed to the court simply by way of argument in respondent's brief and without any proceeding to bring the matter before us.

Petitioner contends that the only authority of the district court, upon overruling the demurrer to the complaint, was to set aside, confirm or modify the judgment of the justice court. As respondent does not take issue upon this point, we deliberately refrain from passing upon the precise powers of the district court upon an appeal heard upon a statement of the case (which means an appeal on questions of law alone) under the provisions of sec. 9341, N.C.L., and take petitioner at his word.

■ The judgment of the district court to such extent as it exceeded the $300 limitation of jurisdiction in the justice court and to such extent as it resulted from a new trial in the district court (the appeal being on questions of law alone) must be annulled. Its judgment for restitution of the premises, for judgment against petitioner, hereby modified from the sum of $495 to the sum of $180, costs and $50 attorney fees is affirmed, without prejudice to the right of the landlord or his assigns to commence and prosecute an appropriate action for

unpaid rentals accruing subsequently to the month of August, 1949.

Petitioner is allowed his costs on this proceeding, to be certified, when determined, by the clerk of this court to the clerk of the respondent court, to be by said respondent court assessed against Ravera, the real party in interest.

HORSEY, C. J., and EATHER, J., concur.