[Civ. No. 18640. Second Dist., Div. Three. Mar. 27, 1952.]

JAMES W. BROGDON, Respondent, v. WILLIAM M. GRAHAM, Appellant.

Cannady & Freeman for Appellant.

N. E. Youngblood for Respondent.

VICKERS, J. pro tem.—Appeal by defendant William M. Graham, also known as William R. J. Graham, from a judgment on a promissory note in favor of plaintiff.

The complaint was divided into three causes of action. The first named only the appellant as a defendant and alleged the execution of a $6,000 promissory note by that defendant, and its delivery by him to the plaintiff, on November 15, 1949; that by its terms it was due January 2, 1950; that nothing had been paid thereon; and that the principal, interest and attorney fees were due and payable. The second and third causes of action were in the form of common counts and joined the appellant and his wife as defendants. The judgment was in favor of the defendant wife and no appeal was taken therefrom by the plaintiff.

By his answer the appellant denied each and all of the allegations of the complaint and pleaded the following facts as a separate defense thereto : That on June 1, 1942, the parties entered into an oral partnership to buy and sell automobiles, the plaintiff to be a silent partner; that said partnership continued to January 1, 1950, had not been dissolved and that any money advanced by the respondent was in pursuance of the partnership; that the promissory note in question was executed by the appellant at respondent's request solely to protect the respondent's interest in the partnership; that the $6,000 consideration mentioned in the note was the estimated value of the respondent's interest in the partnership; that the consideration for the note did not represent a record of any money owed respondent by the appellant; that the appellant was not indebted to the respondent in any amount.

Appellant urges only two grounds for reversal of the judgment. One, that the ". . . judgment is unsupported with sufficient evidence. . . ." Two, that the judgment is ". . . not supported by sufficient findings of fact." Appellant can prevail on neither ground.

In support of his first ground appellant contends that there is no evidence in the record of an unconditional delivery of the promissory note, and refers to his testimony and that of his secretary to the effect that the note was given only to

protect the respondent's interest in the partnership business and that it was to be destroyed after ". . . we had liquidated our business and found out what we had left." However the respondent denied that there ever was a partnership and denied that in any of the conversations between the parties anything was said about a conditional delivery of the note. Respondent also testified that the sole consideration for the note was for money loaned prior to its execution and delivery; that in 1948 the appellant had given him a short term note for money loaned and that, upon being unable to pay it when due, appellant had given respondent a new note and respondent had returned the original note; that thereafter this procedure was repeated until November 15, 1949, when the note in question was executed and delivered. Respondent also testified that he had entered into single car deals with the appellant over a period of years whereby, on each occasion, each of them would advance a sum of money with which an automobile would be purchased; that when sold the proceeds would be divided between them; and that these deals had all been completed and terminated several months before November 15, 1949. Such evidence was substantial and supports the findings. The judgment is not subject to attack on the ground of insufficiency of the evidence. From the appellant's brief on appeal it appears that his real complaint is that the trial court did not believe the testimony of the appellant or the supporting testimony of his secretary. We must assume that the court considered all of the testimony received. It then became its sole function to determine the credibility of the witnesses and, from all of the evidence, the factual issues involved.

In support of his second point appellant asserts there is no finding as to the conditional delivery of the note. The court's findings in substance are as follows: That the defendant, for a valuable consideration, made, executed and delivered the promissory note in question; that no part had been paid, although demand therefor had been made; that attorney fees had been incurred in a certain amount; that at no time had the parties entered into a partnership agreement or engaged in business as general or limited partners; that between 1943 and September 5, 1949, the plaintiff advanced and loaned money to defendant, on various occasions, for the purchase and sale of automobiles on a single car basis and a division of the net profits; that all of such transactions were ". . . consummated and terminated fully and completely

on or before September 5, 1949, after which the plaintiff did not own or claim any interest whatsoever in and to said transactions or any part thereof.'' The court thus found the ultimate facts on each of the material issues joined by the pleadings including those raised by the defendant's affirmative defense. This was all that was required. Clearly there could. have been no conditional delivery of the note depending on the liquidation of a partnership if as the court found there was never a partnership. Neither could the delivery of the note have been conditioned upon the determination of the financial interests of the parties in the single car transactions, since the court found that they had been fully completed and terminated before the note was executed and delivered, and that at that time the plaintiff did not own or claim any interest therein. Therefore a finding that the promissory note was delivered ''unconditionally'' would be necessarily implied if such a finding was deemed necessary. It would thus have been adverse to appellant and he cannot complain of a failure to find upon an issue where a finding, if made, must necessarily have been adverse to him. (*Staudigl* v. *Harper*, 76 Cal. App.2d 439, 448 [173 P.2d 343].)

The judgment is affirmed.

Wood (Parker), Acting P. J., and Vallée, J., concurred.